## STANLEY v. BRACHT.

JURISDICTION OF JUSTICE OF THE PEACE:  *Action for damages for sale of horses.*

Stanley deposited with Bracht a horse in pledge for $24 which Bracht had paid for him on the horse. He afterwards tendered Bracht the $24 and demanded the horse. Bracht refused the tender, and afterwards sold the horse, and Stanley sued him before a justice of the peace for $100 damages. The justice found the value of the horse to be $30, and deducting the $24, gave Stanley judgment for $6. Stanley ignored this judgment and sued in the Circuit Court, in trover, for $150 damages. Bracht pleaded the former judgment in bar. *Held,* that the first suit was in effect an action for breach of a contract of bailment, and not for damages to property; that the justice had jurisdiction and his judgment was good in bar of the last action.

APPEAL from *Sebastian* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*A. M. Stanley, pro se.*

1.  A justice of the peace has no jurisdiction of actions *ex delicto* for conversion of a chattel. *Const. Ark., art. 7, secs. 40, 11; 34 Ark., 188; 5 Ib., 27.*

2.  Justice's courts, are courts of limited jurisdiction, and have none unless expressly conferred by the Constitution; their proceedings must affirmatively show such facts as bring the case within their jurisdiction. *6 Ark., 41; Ib., 182; Ib., 371; 16 Ib., 104; 4 Johns., 292; Freeman on*

*Judgments, sec. 517; Ib., sec. 119, et seq.; Cooley on Torts, p. 417, note 3, etc.; 9 Ark., 41.*

3. The facts of this case constitute an action in tort for the conversion of the horse—*and not an action in debt for the value thereof. Gantt's Dig., secs. 3726, 4562; 29 Ark., 365; Bigelow on Torts, p. 193; Pomeroy on Rem, sec. 573.*

ENGLISH, C. J. The material facts of this case may be stated chronologically.

Charles Bracht made and delivered to A. M. Stanley the following instrument:

"FORT SMITH, ARK., October 1, 1881.

"This will certify that as soon as Mr. A. M. Stanley will pay me the twenty-four (this being the amount due me) which I paid for him on said horse, I will return him his horse. He owes me $24, and as soon as he pays me the amount, the horse will be turned over to him. I am to keep the horse until the $24 is paid to me. The horse is in my possession.

"CHARLES BRACHT."

On the twenty-seventh of June, 1882, Stanley brought suit against Bracht before a justice of the peace of Sebastian County, for the value of the horse. The substance of the complaint filed before the justice is as follows:

"The plaintiff states that on the first day of October, 1881, the defendant signed a certain instrument, a copy of which is herewith filed. (The above is the instrument referred to.) That on the twenty-ninth day of May, 1882, the plaintiff tendered and offered to pay the defendant the sum of $24, and at the same time and place demanded the horse. That the said defendant refused to accept the tender and to deliver the plaintiff the horse. Plaintiff further says the defendant has sold said horse

without authority from or notice to plaintiff. Whereupon plaintiff was damaged in the sum of one hundred dollars, and he prays judgment for that amount and for costs."

The defendant being summoned appeared, and controverted the plaintiff's demand, and neither party requiring a jury the case was submitted to the justice, who, after hearing the evidence, on the eleventh day of July, 1882, rendered judgment finding the value of the horse sued for to be thirty dollars, and after deducting therefrom the $24 due by plaintiff to defendant, that he recover of the defendant the sum of $6, being the balance of the value of the horse, and for costs.

No appeal appears to have been taken from this judgment. On the eighteenth of September, 1882, Stanley brought suit in the Circuit Court of Sebastian County, Fort Smith District, against Bracht, for the value of the same horse. In this complaint he alleged, in substance, that on and before the first day of October, 1881, he was the owner and lawfully possessed of a certain black horse of the value of $50, which horse on the said day came to the possession of the defendant, and defendant contriving to injure the plaintiff, did afterwards wrongfully convert the said horse to his own use and benefit, to the damage of the plaintiff in the sum of $150, for which he prays judgment.

The defendant pleaded in bar, as a former recovery, the judgment obtained against him by the plaintiff, before the justice of the peace, alleging that the two suits were for the same cause of action, and that the judgment of the justice remained in full force. He exhibited with his plea a transcript of the judgment, etc., authenticated by the certificate of the justice. The defendant filed an additional plea, which it is not important now to notice.

The plea of former recovery was submitted to the court, and the court, after hearing the evidence, rendered judg-

Stanley v. Bracht.

ment sustaining this plea, and dismissing this suit at the cost of the plaintiff, who was refused a new trial, and he took a bill of exceptions and appealed.

It is submitted for appellant that the justice of the peace had no jurisdiction of the subject matter of the action brought before him, and that his judgment was therefore null and void, and no bar to a recovery in this suit, upon the same cause of action.

The Constitution provides that justices of the peace shall have "concurrent jurisdiction (with the Circuit Courts) in suits for the recovery of personal property, where the value of the property does not exceed the sum of three hundred dollars; and in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars." *Sec. 40, art. 7.*

Neither the suit before the justice nor this suit was for the recovery of the horse, nor was either suit strictly for damage to the horse. This suit is in the nature of the common law action of trover, which is in substance a remedy to recover the value of personal chattels wrongfully converted by another to his own use. The injury lies in the conversion and deprivation of the plaintiff's property, which is the gist of the action. It is an action for the recovery of damages to the extent of the value of the thing converted. *1 Chitty Plead., 146, Trover.*

The common law actions for the recovery of personal property are detinue and replevin; for the recovery of the value of such property when tortiously converted, trover and trespass, and for damage done to such property by injuring or destroying it, trespass.

By the Constitution of 1836 the jurisdiction of justices of the peace, in civil cases, was limited to matters of contract. *Sec. 15, art. 6; Reeve v. Clarke, 5 Ark., 29.*

By the Constitution of 1868 their jurisdiction in civil cases was limited to "actions of contract and replevin." *Art. 7, sec. 20.*

By the present Constitution it has been extended as above shown, to "all matters of damage to personal property," etc.

In *St. Louis, Iron Mountain and Southern Railway Company v. Heath, 41 Ark., 476,* Justice SMITH said: "By 'matters of damage to personal property,' we understand all injuries which one may sustain in respect to his ownership of personal property."

In this view of the meaning of the language of the Constitution, if the suit before the justice of the peace be treated as in the nature of the common law action of trover for the conversion of the horse, the justice had jurisdiction.

But we think the suit before the justice may more properly be regarded as in the nature of the common law action of assumpsit for breach of the contract of bailment, which was filed with the complaint, and made the foundation of the action. In this view of that suit there can be no doubt of the jurisdiction of the justice, for by section 40, article 7, of the Constitution, justices of the peace have exclusive jurisdiction in all matters of contract where the amount in controversy does not exceed the sum of $100, and concurrent jurisdiction in matters of contract where the sum in controversy does not exceed the sum of $300, etc.

In either view the judgment of the justice, pleaded as a former recovery, was a bar to this suit. *McGee v. Overby, 12 Ark., 164.*

Affirmed.