### CROWDER *v*. FORDYCE LUMBER COMPANY.

Opinion delivered February 7, 1910.

1. PLEADING—FORMS OF ACTION.—As the Code of Practice has abolished all forms of action, all that is necessary in a complaint is a statement of facts sufficient to constitute a cause of action within the court's jurisdiction. (Page 394.)

2. WASTE—RIGHT OF REVERSIONER TO SUE.—A reversioner may sue for waste to the reversionary estate while the life estate of a widow therein is outstanding. (Page 394.)

Appeal from Dallas Chancery Court; *E. O. Mahoney,* Chancellor; reversed.

*Paul G. Matlock* and *Jno. H. Crawford,* for appellants.

The complaint states a cause of action, and the demurrer should have been overruled. Appellants own a revisionary interest, and are entitled to maintain an action for damages to the inheritance. Under the common law the action of trespass on the case would lie. 18 S. C. 551; 1 Hill (S. C.) 260; 42 W. Va. 312; 17 Fed. 216; 43 N. H. 320; 6 Conn. 328; 4 Har. 181; 64 Mass. (10 Cush.) 232; 82 Mass. (16 Gray), 583; 25 N. J. L. (1 Dutch.) 97; 50 Barb. 612; 25 N. J. L. (1 Dutch.) 255; 43 W. Va. 562; 4 Jones L. (N. C.) 387; 2 Hill, Ch. (S. C.) 277; 14 Am. St. Rep. 626. The Code has, however, abolished all forms of actions, and disputed questions are determined on the merits. Kirby's Dig., § 5980.

*Gaughan & Sifford* and *T. B. Morton,* for appellee.

The complaint states an action *quare clausum fregit,* which appellants were not entitled to maintain; and the demurrer was therefore properly sustained. 11 Ark. 294; 18 *Id.* 284; 31 *Id.* 301; 44 *Id.* 74; 26 *Id.* 496; 76 *Id.* 426; 65 *Id.* 600; 85 *Id.* 208; 23 Pick. 88; 43 N. H. 420; 4 Am. St. Rep. 204; 2 Greenleaf, Ev. § 613.

McCULLOCH, C. J. Plaintiffs, W. P. Crowder and others, instituted this action at law against defendant Fordyce Lumber Company to recover damages to a tract of land in cutting and removing timber therefrom. Plaintiffs are alleged to be the owners of the land in reversion, after the expiration of a widow's life estate, same having been assigned to the widow as her dower. After the cause had been transferred to the chancery court on defendant's motion, the court sustained a demurrer to the complaint. A decree was entered dismissing the complaint, and plaintiffs appealed.

The chancellor sustained the demurrer on the ground that this is an action of trespass, and that plaintiffs cannot maintain such an action for the reason that the complaint shows on its face that they are out of possession of the land. In support of the court's ruling, it is insisted by counsel for appellee that the action is in the old form of *trespass quare clausum fregit,* which is to recover for an injury to the possession of land, and that plaintiffs cannot maintain it because they do not allege that they are in possession, but, on the contrary, allege that there is an outstanding life estate in the widow.

This was the rule under the common law practice, and is yet, under our Civil Code of Practice, in actions to recover damages for injuries to the possession of land. *McKinney* v. *Demby,* 44 Ark. 74. But the present action is not one to recover damages for injury to the possession of the land, for plaintiffs do not claim to be in possession. They set forth a permanent injury done to the freehold, and seek to recover the damages sustained by reason of the injury to their reversionary interest.

They are not without a remedy for such an injury. At common law, the action of trespass on the case would have been the appropriate remedy. *Shattuck* v. *Gragg,* 23 Pick. 88; *Putney* v. *Lapham,* 64 Mass. 232; *Cannon* v. *Hatcher,* 1 Hill (S. C.) 260; *Jordan* v. *Benwood,* 42 W. Va. 312; *Lane* v. *Thompson,* 43 N. H. 320; *Tinsman* v. *Belvidere Delaware Rd. Co.,* 25 N. J. L. 255; But, under our Civil Code of Practice, forms of actions are abolished, and all that is necessary is to state facts sufficient to constitute a cause of action within the jurisdiction of the court.

The complaint in this case states facts sufficient to constitute a cause of action, and the demurrer should not have been sustained. Reversed and remanded with directions to overrule the demurrer, and for further proceedings.