CLINE *v.* SMITH.

4-6929                                    167 S. W. 2d 872

Opinion delivered January 25, 1943.

*Gordon Armitage,* for appellant.

*C. E. Yingling* and *C. E. Yingling, Jr.,* for appellee.

ROBINS, J. This suit was brought by the appellants, Sadie Evelyn Cline and W. M. Platt, for damages against the appellees, Gordon D. Smith, Al. J. Lynch and Silas Bogan, judgment being prayed by Sadie Evelyn Cline for $200 damages against Silas Bogan and Al. J. Lynch with an alternative prayer that, if judgment should not go against them, that amount should be recovered by her from Gordon D. Smith, and W. M. Platt asked judgment against Al. J. Lynch and Silas Bogan for the sum of $800. The grounds of the appellants' suit, as set out in their complaint, were that Gordon D. Smith had failed to deliver the possession to Sadie Evelyn Cline of certain real estate and had thereby breached the covenant in a deed of conveyance executed by Smith to Sadie Evelyn Cline, and that Silas Bogan and Al. J. Lynch had caused Smith to make this breach; and recovery of damages against Al. J. Lynch and Silas Bogan was asked by Platt ''by reason of the forcible entry and unlawful detainer of the said premises.'' It is alleged in the complaint that some time prior to June, 1941, Smith rented the farm in question to Lynch, but reserved the house, barn, garden, and pasture, and remained in possession thereof until late in June, 1941, at which time Smith moved out of the house, and that Lynch then put Silas Bogan in possession of the house; and that on September 9, 1941, Smith sold the land and conveyed same to Sadie Evelyn Cline by deed, in the granting clause of which it was set forth that Smith was to collect ''any and all rents on the farm for the year 1941''; and that after her purchase of the farm Sadie Evelyn Cline rented the house, garden, and pasture to Platt, who was unable to secure possession thereof by reason of Bogan's refusal to vacate.

Smith was not served with summons. The appellees, Bogan and Lynch, filed a demurrer to the complaint, and from the judgment of the lower court sustaining the demurrer and dismissing the complaint as to the appellees, Lynch and Bogan, this appeal is prosecuted.

While it is alleged in general terms that the appellees were guilty of ''unlawful detainer'' of the premises and also of ''forcible entry'' and ''unlawful

detainer'' thereof, the allegations of the complaint are not sufficient to sustain an action for ''forcible entry'' or an action for ''unlawful detainer.'' The action for ''forcible entry,'' as created by § 6034 of Pope's Digest, is an action on tort and must be supported by allegations of forcible entry. The action of ''unlawful detainer'' as provided by § 6035 of Pope's Digest, is an action on contract and lies only where the relation of landlord and tenant exists between the parties. There is nothing alleged in the complaint from which it can be inferred that there was any forcible entry by any of the defendants; nor is there any allegation in the complaint that the relationship of landlord and tenant existed between the appellants and the appellees—in fact, the complaint negatives the existence of any such relationship.

But, even if the appellants improperly denominated their actions in their complaint, since, under our Code, all forms of actions are abolished, it is necessary, in considering the sufficiency of a complaint on demurrer, to determine whether under the allegations of the complaint any cause of action within the jurisdiction of the court is stated. *Crowder* v. *Fordyce Lumber Company*, 93 Ark. 392, 125 S. W. 417. An analysis of the complaint in this case discloses that no cause of action is stated therein. When Sadie Evelyn Cline bought this land, and when Platt rented a portion thereof from her, Bogan and Lynch were in possession. The possession of these tenants was notice to the purchaser of any rights or lease held by these tenants, or either of them. 32 Am. Jur., 41; *Prince* v. *Alford*, 173 Ark. 633, 293 S. W. 36; *First National Bank* v. *Gray*, 168 Ark. 12, 268 S. W. 616. This suit was brought on November 20, 1941, at a time when Sadie Evelyn Cline was not entitled, under the reservation in the deed, to collect rent arising from any part of the property. The mere occupation of the house and other portions of the farm by Bogan, even if wrongful, could not work any injury to Mrs. Cline, because, until the expiration of the year 1941, she was not entitled to receive any rent from the property; and, even if Smith went out of possession before the end of the year, Smith would have been entitled to

the rent arising during the remainder of the year on that portion of the property vacated by him. Under the language of the deed he was entitled to collect "any and all rents on the farm for the year 1941." Since the rights of Platt could not be superior to the rights of his lessor, Mrs. Cline, it is impossible to deduce from the complaint how the plaintiffs, or either of them, would be entitled to recover any damages for being denied possession until the end of the year 1941.

The judgment of the lower court was correct, and must be affirmed.