St. Paul-Mercury Indemnity Co. v. Taylor, Judge.

5-1614                                        313 S. W. 2d 799

Opinion delivered June 9, 1958.

*Norton & Norton* by *Robert R. Wright,* for petitioner.

*Knox Kinney,* for respondent.

Minor W. Millwee, Associate Justice. Petitioner, St. Paul-Mercury Indemnity Company, seeks a writ prohibiting the judge of the Circuit Court of St. Francis County, Arkansas, from proceeding further in a certain action pending in that court, "due to the attainment and legal retention of jurisdiction by the Chancery Court of St. Francis County, Arkansas, in this case, and due to the irreparable harm which will be caused petitioner by the wrongful continuation and trial of said cause in the Circuit Court of St. Francis County, Arkansas."

According to the petition and the response thereto, St. Francis County owned a truck which was insured by petitioner and damaged in a collision while it was under a loan to and being used by the City of Hughes, Arkansas. Petitioner paid the amount of the damages to St. Francis County resulting from the collision less

$100.00 deductible as provided in the policy of insurance.

On August 28, 1956, counsel for petitioner filed an action in the St. Francis Circuit Court in the name of the county against the City of Hughes for the damages sustained to the truck under its right of subrogation under the policy. On September 26, 1956 County Judge M. D. Clark made a notation of dismissal on the docket sheet which the circuit judge determined had the effect of dismissing the cause without prejudice. There was no appeal from an order to that effect entered on October 5, 1956.

On October 20, 1956 petitioner filed suit in the St. Francis Chancery Court in its own name against the City of Hughes and St. Francis County for the amount of its subrogation only. Subsequently petitioner filed an amendment to its complaint in the name of the county to also recover the $100.00 deductible claim alleged to be still due the county. The county filed a motion to dismiss the amendment on May 30, 1957, alleging a prior release by it to the city of any claim as to the $100.00 deductible portion of the loss. After a hearing on June 20, 1957, the Chancery Court dismissed the action with prejudice as to any damages sustained by the county in excess of the amount of the subrogation paid by petitioner, directed that the county remain a party plaintiff and restrained the county judge from interfering in any manner with the prosecution by petitioner of its cause of action for the amount of its subrogation. A motion of the City of Hughes to transfer the case to law previously filed and submitted on briefs was heard by the chancellor who entered an order on November 7, 1957, transferring the case to the St. Francis Circuit Court. The clerk of this court refused to docket petitioner's appeal from this order on the ground that it was not final and appealable. We sustained the clerk's action by denial of petitioner's motion for a rule on the clerk on April 7, 1958.

Petitioner's motion to transfer the cause back to chancery court was also denied by the St. Francis Circuit on February 7, 1958, the court holding that the county was not a necessary party to petitioner's action against the City of Hughes for the amount of its subrogation which involved only an action for damages properly triable in the circuit court. Petitioner then filed the instant application for a writ of prohibition on March 19, 1958, asserting the circuit court was without jurisdiction because the chancery court had already obtained jurisdiction and that its attempt to evade further exercise of such jurisdiction by transferring the case to law was erroneous, without authority and void.

In support of the petition it is first contended that the transfer of the case by the chancery court to circuit court was erroneous and improper; and that that chancery court, having acquired and exercised jurisdiction of the cause of action for one purpose, should have retained it for all purposes. We find it unnecessary to determine such contentions on this application for a writ of prohibition, though we have already sustained the prior decision of our clerk that a similar order was not final and appealable. Even if the chancellor's action in refusing to exercise and retain jurisdiction were erroneous, we are unwilling to say that petitioner's remedy by appeal is inadequate, or that it has no other protection against the wrong that would be done by a refusal to exercise such jurisdiction.

It is well settled by our cases that prohibition may not be used as a substitute for an adequate remedy by appeal. In this connection we have held that the remedy for refusal to transfer an action to equity is by appeal and not by prohibition under a situation quite similar to that presented here. In *Richards* v. *Maner, Judge,* 219 Ark. 112, 240 S. W. 2d 6, a suit brought at law was first transferred to equity and then retransferred to law when the petitioner applied for a writ of prohibition. In denying the writ we distinguished the factual situation from that in *Burton* v. *Ward,* 218 Ark. 253, 236 S. W. 2d

65, where each trial court refused to try the case, insisting that the other had jurisdiction. In the *Richards* case we said: "Here the trial courts arc in agreement. The chancellor has sent the case back to the circuit court, and that court proposes to proceed with the trial. Unlike the situation in the *Burton* case these petitioners are afforded the opportunity of a trial, but they insist that the hearing should be in chancery. It is settled, however, that the remedy for a refusal to transfer an action to equity is by appeal, not by prohibition. *Dunbar* v. *Bourland,* 88 Ark. 153, 114 S. W. 467. As we said in *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13: 'The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. To illustrate: The circuit judge certainly had jurisdiction to pass upon the motion to transfer to equity the case pending in its court. If it erroneously transferred the case to equity, prohibition is not the remedy. It can be corrected only on appeal.' We then went on to point out that the party objecting to the transfer should have saved his objection and preserved his point for consideration by this court on appeal from the trial court's final judgment." See also, *Weaver* v. *Leatherman,* 66 Ark. 211, 49 S. W. 977.

So here, the trial courts are in agreement, and the circuit court had jurisdiction to pass on the motion to retransfer to equity. If it acted erroneously the petitioner's remedy is by appeal when the matter proceeds to a final judgment, and prohibition is not the remedy. The case of *Askew* v. *Murdock Acceptance Corporation,* 225 Ark. 68, 279 S. W. 2d 557, relied on by petitioner, involved an appeal and not an application for a writ of prohibition.

What we have said concerning petitioner's first point is applicable to its second contention that circuit court is without jurisdiction to proceed in the case because the chancery court acquired and exercised juris-

diction before it transferred the case to circuit court. As the respondent points out: "A settlement by the insured for the amount of the loss in excess of the insurance only, with a *tort-feasor* who is liable for the loss, since it is a settlement for the part of the cause of action which remains in the insured and which he has a right to settle, does not affect the insurer's right of action against the *tort-feasor*." 29 Am. Jur., Insurance, Sec. 1345. We do not understand petitioner to contend that the insured county had no right to settle with the alleged *tort-feasor* city for that part of the loss in excess of the insurance. Such settlement in no manner precludes petitioner from pursuing its action for damages against the city to the extent of its subrogation.

Jurisdiction of this action as well as the authority to pass·on the motion to retransfer to chancery court was a matter properly within the jurisdiction of the St. Francis Circuit Court. On the record presented, we cannot say that petitioner's remedy by appeal from a final judgment that may be rendered in the circuit court action is inadequate, or that irreparable harm to it will necessarily result from an adjudication of the matter there.

The writit is accordingly denied.