BUTKIEWICZ *v.* WILLIAMS, CHANCELLOR.

5-1648                                                317 S. W. 2d 15

Opinion delivered October 27, 1958.

G. *Thomas Eisele*, *Owens, McHaney, Lofton & Mc-Haney*, for petitioners.

*Wm. H. Bowen* and *Mehaffy, Smith & Williams*, for respondent.

MINOR W. MILLWEE, Associate Justice. This is an application for a writ of prohibition to restrain the judge of the Second Division of the Pulaski Chancery Court from proceeding further in a suit brought against petitioners by the administratrix of the estate of Reuben W. Bredlow, deceased, and to require said chancellor to transfer the cause to the Pulaski Circuit Court. Petitioners assert that the proceeding pending below is a tort action for the recovery and conversion of personal property, which is not cognizable in equity; that the chancellor had overruled petitioners' request for transfer to circuit court and, unless prohibited, would proceed with the trial of the case over which the court had no jurisdiction of the subject matter; and that the remedy by appeal is inadequate.

According to the pleadings filed below a herd of cattle owned by Reuben W. Bredlow at the time of his death intestate in November, 1956, was in possession of the petitioners, Edward J. Butkiewicz and Annette Butkiewicz, the latter being a daughter of decedent's sister. Pursuant to an order of probate court, Bredlow's widow, as administratrix, first brought an action against petitioners in circuit court for recovery of the cattle together with the increase or the proceeds received by petitioners from the sale or conversion of any of said cattle. After the issues were joined in that action, the administratrix took a non-suit and filed suit in chancery court. The amended complaint in that suit contains the following allegations and prayer for relief.

"2. That at the time of purchase of the said herd of cattle as aforesaid, the cattle were situated on a 160

acre tract of land located at the north end of the Bredlow Farm, which 160 acres had been given in 1953 by the decedent to his mother (Gertrude Bredlow) and sister (Mrs. Lyde Campbell, mother of defendant, Annette Butkiewicz), for and during their lives, with remainder to the bodily heirs of his sister. The decedent's sister died in about April, 1955, so that as of the date of purchase of the cattle as aforesaid, the 160 acre plot belonged to decedent's mother for her life with the remainder interest being vested in the defendant, Annette Butkiewicz and her sister, Phyllis Grant.

"3. That the decedent left the cattle on the said 160 acre plot in the custody of the defendants, that the herd experienced normal growth subsequent to purchase as aforesaid, that defendants, plaintiff is informed and believes, have butchered and/or sold during the intervening years some of the cattle for their own use, that some of the cattle died, that in early January, 1958, the balance remaining of the herd was sold, and that at no time have the defendants made or offered to make an accounting to plaintiff for their actions as custodians of the cattle as aforesaid, but to the contrary, the defendants, in pure violation of their fiduciary relationship and responsibility, have refused and continued to refuse to account to plaintiff for the cattle or the proceeds thereof.

"4. That subsequent to the purchase of the cattle as aforesaid, the decedent furnished money, and/or supplies for the maintenance and upkeep of the cattle, that the defendants, plaintiff is informed, represent that they furnished money, labor and/or supplies for such purposes, that the accounting for such mutual contributions extends over a period of approximately thirty (30) months, that the accounting therefor as well as for the cattle which were sold, butchered for defendants personal use, or which died, together with the increase of the herd, is highly complicated, that defendants have violated their fiduciary relationship as custodians of the cattle, that the knowledge of the facts, events and costs with respect to custodianship of the cattle as aforesaid

is more particular within the knowledge of the defendants, and that plaintiff has no adequate remedy at law and, further, that this action is brought in equity for the purpose of securing an equitable accounting between the parties.

"Wherefore, plaintiff respectfully prays that an account be taken of the amount due the estate of R. W. Bredlow for the herd of cattle purchased by the decedent on or about October 1, 1955 and placed in defendants' custody, for the increase in the herd, for the value of the cattle committed to the defendants own use and/or sold by defendants, for the money, labor and/or supplies furnished by the decedent and by defendants, if any, for the maintenance of the said cattle as aforesaid, for plaintiff's costs and for such other relief as is meet and proper in the circumstances."

After the chancellor entered an order denying a demurrer and motion to transfer to circuit court filed by petitioners, as defendants below, they filed the instant application for writ of prohibition.

Petitioners earnestly contend that the amended complaint filed by the administratrix states an action at law for the conversion and/or recovery of personal property, which is not within the jurisdiction of the chancery court and is triable as a matter of constitutional right before a jury. It is argued that when the amended complaint is considered in the light of all the proceedings below it clearly constitutes an action at law, "and that the equitable jargon contained therein is sham and artifice intended only to deprive petitioners of a trial in the proper forum and by a jury." In determining the validity of this argument, we agree that the difficult question is that of the propriety of the remedy by prohibition in view of the recitals of the amended complaint. We have repeatedly held that the writ of prohibition lies where an inferior court is proceeding in a manner beyond its jurisdiction and the remedy by appeal is inadequate, but it may not be used as a substitute for an adequate remedy by appeal. Except in circumstances

which are not present here, it is also well settled that the remedy for a refusal to transfer an action to or from a court of equity is by appeal and not by prohibition. *Weaver* v. *Leatherman,* 66 Ark. 211, 49 S. W. 977; *Dunbar* v. *Bourland,* 88 Ark. 153, 114 S. W. 467; *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13; *Richards* v. *Maner, Judge,* 219 Ark. 112, 240 S. W. 2d 6; *St. Paul-Mercury Indemnity Company* v. *Taylor,* 229 Ark. 187, 313 S. W. 2d 799.

The following statement by the court in *Bassett* v. *Bourland, supra,* has been approved in several later cases: "The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. To illustrate: The circuit judge certainly had jurisdiction to pass upon the motion to transfer to equity the case pending in its court. If it erroneously transferred the case to equity, prohibition is not the remedy. It can be corrected only on appeal." Petitioners say this holding constitutes an erroneous and untenable legal theory which we should reexamine in the light of cases like *District No. 21 United Mine Workers of America* v. *Bourland,* 169 Ark. 796, 277 S. W. 546, where a writ was granted to prohibit a court of equity from taking jurisdiction of an action in tort for unliquidated damages. In that case the court said: "The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. *Russell* v. *Jacoway,* 33 Ark. 191; and *Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169, and cases cited." The court also approved the following rule from Pomeroy's Equity Jurisprudence, 3rd ed., Sec. 178: "Where the primary right of the plaintiff is purely legal, arising either from the non-performance of a contract or from a tort, and the money is sought to be recovered as a debt or as damages,

and the right of action is not dependent upon or connected with any equitable feature or incident, such as fraud, mistake, accident, trust, accounting, or contribution, and the like, full and certain remedies are afforded by actions at law, and equity has no jurisdiction; these are cases especially within the sole cognizance of the law."

At this stage of the proceedings we are unwilling to say that the allegations of the amended complaint present a purely legal action for conversion unrelated to such equitable features as trust and accounting and that it states no ground for the intervention of equity. We decline to overrule the doctrine of *Bassett* v. *Bourland, supra*. Under the recitals of the amended complaint the chancery court had jurisdiction to pass on the motion to transfer to circuit court. If it acted erroneously the error may be corrected on appeal, and prohibition is not the remedy.

The writ is denied.