St. Paul-Mercury Indemnity Co. *v.* City of Hughes.

5-2034                                       331 S. W. 2d 106

Opinion delivered January 18, 1960.

*Norton & Norton,* by *Robert H. Wright,* for appellant.

*Knox Kinney,* for appellee.

ED. F. McFADDIN, Associate Justice.   This appeal is another step in the persistent efforts of appellant to collect from the City of Hughes the amount of $1,050.00 which appellant paid to St. Francis County under a policy of insurance issued by appellant.[1]  See *St. Paul-Mercury Indemnity Co.* v. *Taylor,* 229 Ark. 187, 313 S. W. 2d 799.   We will refer to St. Paul-Mercury Indemnity Company as "appellant"; St. Francis County as "County"; and the City of Hughes as "City".

On July 9, 1954, for a premium of $53.00, appellant insured the County against any loss or damage in excess of $100.00 to a 2-ton Chevrolet dump truck owned by the County.   The truck was loaned by the County to the City and was damaged while in possession of the City; and the appellant paid the County $1,- 050.00 under the said insurance policy which contained this subrogation clause: "In the event of any payment under this Policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.   The Insured shall do nothing after loss to prejudice such rights."

After making payment to the County the appellant undertook to recover the said $1,050.00 from the city on the theory that the City, as bailee of the truck, was liable in contract to the County, and that the appellant, as subrogee of the County, could hold the City liable in contract.   To be maintained the action had to be in contract because in Arkansas a municipality may be liable

[1] Case No. 1598 in this Court was a motion for rule on the Clerk, which was denied. Case No. 1614 in this Court was a petition for writ of prohibition, which was denied by opinion in the cited case.

in contract,[2] but is not liable in *tort* in a case like this one.[3]  The appellant filed action against the City in the Circuit Court in the name of the County, but the County Judge of St. Francis County dismissed the action on behalf of the County.  The appellant then filed the present suit in the Chancery Court, which was transferred to the Circuit Court; and the Circuit Court sustained the City's demurrer to the complaint.[4]  From the judgment dismissing the complaint this appeal resulted; and two questions are presented which we now discuss.

I.  *Did The Complaint State a Cause Of Action In Contract?*  In determining whether a demurrer to  a complaint should be sustained every allegation made therein, together with every inference reasonably deducible therefrom, must be considered.  *Sallee* v. *Bank of Corning,* 122 Ark. 502, 184 S. W. 44; and *Cline* v. *Smith,* 205 Ark. 136, 167 S. W. 2d 872.  In addition to alleging the status of the parties, the issuance of the policy to the County, the payment of the loss by appellant to the County, and the right of subrogation, the complaint also alleged:

(a)  That the County placed the truck in the exclusive possession of the City "for the purpose of hauling gravel for the streets of the said defendant city, and then to be returned to the possession of St. Francis County in good condition when such work was completed".

---

[2] *City of Little Rock* v. *White,* 193 Ark. 837, 103 S. W. 2d 58.

[3] *Cabiness* v. *City of North Little Rock,* 228 Ark. 356, 307 S.W. 2d 529.

[4] The Circuit Court order sustaining the demurrer recited: "Now on this 17th day of August, 1959, comes on to be heard the Demurrer filed herein by Defendant City of Hughes, and the Court having heard and considered the argument and briefs of counsel for the respective parties, and being fully advised in the premises, finds and holds that Plaintiff by its Complaint is attempting to do indirectly what it cannot do directly, *i.e.* sue Defendant City of Hughes in tort, and Defendant's Demurrer should be sustained. It is, therefore, CONSIDERED, ORDERED AND ADJUDGED that Defendant's Demurrer to Plaintiff's complaint be and hereby is sustained; and Plaintiff having declined to plead further, it is CONSIDERED, ORDERED and ADJUDGED that Plaintiff's complaint be and hereby is dismissed, with costs to be borne by the **Plaintiff.**"

(b) "That upon the return of the truck in question by the Defendant city to St. Francis County, said truck was in such a complete state of destruction that its salvage value was only $350.00."

(c) "That the delivery of the truck by the said St. Francis County to the Defendant city created the relationship of bailor-bailee between the County and Defendant (City), and imposed on the Defendant a contractual obligation properly to care for the vehicle."

That the complaint here involved (the one filed in the Chancery Court) alleged a bailment is almost beyond dispute because there was a delivery by the County (bailor) of personal property (the truck) to the City (bailee) to use safely and return in good condition. See *Sullivant* v. *Pennsylvania Fire Ins. Co.,* 223 Ark. 721, 268 S. W. 2d 372. The complaint alleged that the City failed to return the truck in good condition and thereby breached the contract of bailment. For such breach of contract of bailment the bailor had a cause of action *ex contractu* against the bailee. In *Ferrier* v. *Wood,* 9 Ark. 85, when common law forms of pleading still existed in Arkansas, this Court held that an action in assumpsit could be brought against the bailee for breach of the contract of bailment. The old common law action of assumpsit was an action *ex contractu* because the word "assumpsit" means "he promised". Our own case of *Bertig* v. *Norman,* 101 Ark. 75, 141 S. W. 201, Ann. Cas. 1913D 943, is frequently cited because of the scholarly opinion of Mr. Justice FRAUENTHAL. In that case a bale of cotton had been left by Norman's agent on the platform of Bertig Brothers, the bale of cotton had been lost, and Norman sued Bertig Brothers for damages. Norman was required to state whether he sued "on contract, in bailment, or conversion"; and he said that he sued in bailment. On this statement of bailment this Court held the action by Norman was on contract and not in *tort* and Mr. Justice FRAUENTHAL said:

534

"It is urged by counsel for Bertig Brothers that the action as originally brought was one sounding in *tort* for the conversion of the property, and that the complaint could not be amended so as to base the action upon a bailment. But we are of the opinion that the allegations of the complaint in the justice of the peace court, and as it was amended in the circuit court, were sufficient to make the action one of assumpsit. The action of assumpsit is one for the recovery of damages for the nonperformance of a simple contract. Such contract may be expressed or implied, and the action is based upon the breach thereof, and is therefore *ex contractu*. 2 Enc. Pl. & Prac. 988.

"Giving to the pleading that liberal construction accorded by our practice, the complaint as originally filed alleged that the defendants had obtained and converted the bale of cotton, and were liable to plaintiff upon an implied promise to pay for the value thereof thus received by them . . . Whether the breach of contract grew out of the failure to pay the proceeds of the bale upon an implied promise to do so by those who had obtained it, or out of the negligence of those who, as bailees, were entrusted with its care, the remedy was an action of assumpsit. *Ferrier* v. *Wood*, 9 Ark. 85; *Stanley* v. *Bracht*, 42 Ark. 210. The action instituted was therefore based, and recovery can only be had, upon a contract of bailment and the breach thereof by the defendants."

So we hold that the appellant as subrogee of the County could sue the City for breach of bailment contract by action *ex contractu* as entirely separate from a *tort* action. Of course, the appellant has a narrow opening through which to direct its efforts at recovery because the City is not liable in *tort,* as previously pointed out. But we must conclude that the demurrer of the City should have been overruled by the Circuit Court.

II. *Should The Case Be Transferred To Chancery Court?* Appellant insists that the present case against the City should be tried in Chancery Court; and we

agree with that contention which may now be properly urged. In *St. Paul-Mercury Indemnity Co.* v. *Taylor,* 229 Ark. 187, 313 S. W. 2d 799, the appellant sought a writ to prohibit the Circuit Court from entertaining jurisdiction of this case and we refused the prayed relief, saying:

"Jurisdiction of this action as well as the authority to pass on the motion to retransfer to chancery court was a matter properly within the jurisdiction of the St. Francis Circuit Court. On the record presented, we cannot say that petitioner's remedy by appeal from a final judgment that may be rendered in the circuit court action is inadequate, or that irreparable harm to it will necessarily result from an adjudication of the matter there."

But the present case is an appeal from a final judgment of the Circuit Court, so the ruling on the interlocutory order — *i.e.,* motion to transfer back to chancery — now be properly considered by us. *Hemphill* v. *Lewis,* 174 Ark. 224, 294 S. W. 1010; and *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13.

It must be remembered that appellant, as subrogee of the County, first proceeded against the City in the law court in the name of the County. This was proper. *St. Louis, A. & T. Ry. Co.* v. *Fire Assn.,* 60 Ark. 325, 30 S. W. 350. But the County Judge of St. Francis County dismissed the case in the law court notwithstanding the subrogation agreement in the insurance policy, as previously copied. The appellant then filed the present suit in equity in its own name as plaintiff against the City and also against the County Judge of St. Francis County; and alleged the law action and its dismissal by the County Judge, and prayed for judgment against the City and for a restraining order against the County Judge in this language:

". . . and that an order issue restraining M. D. Clark, as county judge of St. Francis County, from interfering in any capacity, assumed or otherwise, with the proceedings herein."

On June 20, 1957 the Chancery Court entered its order which in part said:

". . . that said Defendant M. D. Clark, as County Judge of St. Francis County, shall be without power to take any action in dismissing this cause, or interfering with its progress and he is restrained from doing so; and that all other issues herein are reserved for further consideration of the court."

Thus, equity took jurisdiction of the suit and granted part of the prayed relief; and the rule is thoroughly established that when equity acquires jurisdiction for one purpose under *bona fide* allegations, then all matters at issue will be adjudicated and complete relief awarded. *Conner* v. *Heaton,* 205 Ark. 269, 168 S. W. 2d 399; and *Goodman* v. *Powell,* 210 Ark. 963, 198 S. W. 2d 199. In *Askew* v. *Murdock Acceptance Corp.,* 225 Ark. 68, 279 S. W. 2d 557, we said:

"The principle that the Chancery Court, having taken jurisdiction for any purpose, will completely settle the rights of the parties in 'the subject matter of the controversy is so firmly established that it needs no citations of authority. However, a few of the cases so holding are: *McDonald* v. *Shaw,* 92 Ark. 15, 121 S. W. 935, 28 L.R.A., N. S. 657; *Jarratt* v. *Langston,* 99 Ark. 438, 138 S. W. 1003; *Galloway* v. *Darby,* 105 Ark. 558, 151 S. W. 1014, 44 L. R. A., N. S. 782; *School District No. 36* v. *Gladish,* 111 Ark. 329, 163 S. W. 1194; *Hall* v. *Huff,* 114 Ark. 206, 169 S. W. 792. Also, damages may be allowed. *Evans* v. *Pettus,* 112 Ark. 572, 166 S. W. 955."

CONCLUSION. The judgment of the Circuit Court is reversed and the cause remanded with directions to overrule the demurrer to the complaint and to remand the cause to the Chancery Court for further proceedings.