In Re: Petition of Committee on Professional
Ethics of the Arkansas Bar Association for the
Establishment of Trustee Proceedings

81-100                               621 S.W. 2d 623

Supreme Court of Arkansas
Opinion delivered September 21, 1981

*P. K. Holmes, III*, and *B. Frank Mackey, Jr.* for petitioner.

PER CURIAM. The Committee on Professional Ethics of
the Arkansas Bar Association has petitioned this Court to
order, by rule, that the probate judge shall have the
jurisdiction to appoint a trustee for a lawyer who is disabled,
is deceased or has disappeared. Under the proposal the
trustee would make an inventory of the attorney's files and
bank accounts and would then prepare an accounting. The
trustee would be authorized to refer the attorney's files to
another attorney or to the client. No mention is made of the
disposition of funds accounted for by the trustee. The
probate judge would then discharge the trustee from further
responsibilities. We decline to order the proposal into effect.

We are asked to confer the jurisdiction on the probate court by rule. Yet, the probate court is a court of special and limited jurisdiction, having only such jurisdiction and powers as are conferred by the constitution or by statute, or are necessarily incident to the exercise of the jurisdiction and powers granted. *Hilburn* v. *First State Bank*, 259 Ark. 569, 535 S.W. 2d 810 (1976). The authority and jurisdiction of probate courts are to be strictly construed. *Poe* v. *Case*, 263 Ark. 488, 565 S.W. 2d 612 (1978). The proposal deals with substantive law, not procedural law. Courts are reluctant to make substantive law by rule, especially in areas where there is, or might be, a conflict with some act of the General Assembly. Clearly this proposal would conflict with the statutory scheme for establishing a guardianship in the event of an incompetent attorney. Ark. Stat. Ann. Title 57, Chapter 6. The proposal for deceased attorneys would conflict with the statutory scheme for decedents' estates. Ark. Stat. Ann. Title 57, Chapter 6. There are no probate statutes conflicting with the proposal for attorneys who have disappeared, but there are express conflicting statutes, Ark. Stat. Ann. § 58-201, 202 and 203, that provide chancery court shall have jurisdiction of the estates of missing persons.

It is doubtful that we could fashion any type of rule that would authorize the probate court to administer trusts. Since 1842 our cases have been clear that the establishment, management and execution of a trust are in chancery court. *Ex Parte Conway*, 4 Ark. 302 (1842).