ARKANSAS NURSING HOME, INC., RILEY'S
OAKHILL MANOR, INC., Charles STEWART et al,
CRESTPARK, INC., and SAGECO, INC. *v.*
Honorable Judith ROGERS, Chancellor, and
STATE of Arkansas, ex rel Steve CLARK,
Attorney General

83-35                                    652 S.W.2d 15

Supreme Court of Arkansas
Opinion delivered June 13, 1983

*Daggett, Daggett & Van Dover,* by: *Jimason J. Daggett; House, Holmes & Jewell, P.A.,* by: *Charles R. Nestrud* and *Mitchell, Williams, Selig, Jackson & Tucker,* by: *Byron Freeland,* for petitioners.

*Steve Clark,* Atty. Gen., by: *Mary B. Stallcup* and *Thomas Gay,* Asst. Attys. Gen., for respondents.

JOHN I. PURTLE, Justice. Petitioners filed an original action in this court for a writ of prohibition against the respondent, Pulaski County Chancery Court (Third Division), praying that the respondent be prohibited from

hearing and determining consolidated cases against petitioners. The petition is denied.

Petitioners were named defendants in an action filed in the Pulaski County Chancery Court by the Attorney General of the State of Arkansas, pursuant to the Consumer Protection Act. Ark. Stat. Ann. § 70-904 (Repl. 1979). The complaint sought to enjoin the petitioners from collecting certain charges from nursing home patients, to recover for past charges to patients, and to redress any unjust enrichment. After the complaints were filed the matter of an injunction was rendered moot but the chancellor refused to dismiss the complaints as to the other charges. The complaints have not been set for trial.

The object of the writ of prohibition is to prevent an inferior court from proceeding in a matter which is entirely without its jurisdiction. *Duncan* v. *Kirby, Judge,* 228 Ark. 917, 311 S.W.2d 157 (1958). Prohibition may also issue when an appeal is an inadequate remedy. *Norton* v. *Hutchins, Chancellor,* 196 Ark. 856, 120 S.W.2d 358 (1938). A writ of prohibition will not issue to prevent an inferior court from erroneously exercising its jurisdiction. *Bassett* v. *Bourland,* 175 Ark. 271, 299 S.W. 13 (1927). Prohibition may not be used as a substitute for appeal. Nor can it be used as a remedy to force transfer between law and equity courts. *Butkiewicz* v. *Williams, Chancellor,* 229 Ark. 556, 317 S.W.2d 15 (1958).

Petitioners rely upon the case of *Curry, County Judge* v. *Dawson, Chancellor,* 238 Ark. 310, 379 S.W.2d 287 (1964) to support their petition. We do not think *Curry* supports the present petition because there the court stated the rule that an election contest may not be heard by a court of chancery. This holding simply does not apply to the case before us.

Certainly the chancery court had jurisdiction to hear a motion to transfer to law but according to the record no such motion has been made. Therefore, the petition for a writ of prohibition must be denied.

Writ denied.

HAYS, J., not participating.