# FIRST ARKANSAS LEASING CORPORATION
## v. The Honorable Lee A. MUNSON,
### Pulaski County Chancellor

84-4                                    668 S.W.2d 543

## Supreme Court of Arkansas
### Opinion delivered May 7, 1984

*Wright, Lindsey & Jennings,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Kay J. Jackson Demailly,* Asst. Atty. Gen., for respondent.

STEELE HAYS, Justice. This case comes to us on a petition for writ of prohibition by First Arkansas Leasing Corporation. The respondents, Seth Ward and Seth Ward II, had placed a $4,500 bid on computer equipment owned by FALCO, the sale subject to confirmation by FALCO (a condition the Wards claim was not made known to them). FALCO refused the Wards' offer and reached a tentative agreement to sell the equipment to a third party for $14,800. The Wards filed a complaint in chancery court seeking a preliminary injunction to prevent the sale of the equipment to the third party and requesting specific performance by FALCO. The trial court entered an order requiring the chancery clerk to accept $14,800 from the Wards as a security bond. Two weeks later, FALCO filed its answer to the complaint and admitted that the chancery court had jurisdiction over the subject matter of the litigation. The lower court then entered an order requiring the chancery clerk to pay the Wards' bond to FALCO and FALCO to deliver the computer equipment to the Wards. The Wards filed an amended complaint seeking a declaratory judgment of their rights under the contract of sale and FALCO filed a timely motion to dismiss the amended complaint, citing the trial court's lack of jurisdiction over the subject matter of the suit. In the alternative, FALCO moved that the case be transferred to a court of law. In an order dated October 17, 1983, the trial court entered an order denying the motion. It is from that order that FALCO seeks a writ of prohibition charging that a court of equity does not have subject matter jurisdiction over a breach of contract claim for monetary damages only.

The petitioner argues that the Wards' claim is based solely on breach of contract, that the court never had proper jurisdiction over the subject matter and that once the restraining order was granted there were no equitable issues left to be decided. However, the petitioner's arguments are misplaced and, under our holdings on prohibition and equity jurisdiction, the court below properly retained jurisdiction.

Prohibition is an extraordinary and discretionary writ and should be used cautiously. It should never be granted unless the petitioner is clearly entitled to relief and the court

against which it is sought is wholly without jurisdiction. *Wade* v. *State*, 264 Ark. 321, 571 S.W.2d 231 (1978). It is never issued to prohibit an inferior court from erroneously exercising its jurisdiction but only where the inferior tribunal is wholly without jurisdiction. *Wisconsin Brick* v. *Cole*, 274 Ark. 121, 622 S.W.2d 192 (1981). We also have a longstanding general rule on equity jurisdiction that once a chancery court acquires jurisdiction for one purpose, it may decide all other issues. *Bierbaum* v. *City of Hamburg*, 262 Ark. 532, 559 S.W.2d 20 (1977). And while on appeal we may hold that a case should have been transferred to one court or the other, it is also settled that if the court below in ordering or denying such a transfer acted erroneously, the remedy is by appeal after the matter proceeds to a final judgment, and prohibition is not the remedy. The writ cannot be used as a remedy to transfer between law and equity courts. *Ark. Nursing Homes* v. *Rogers*, 279 Ark. 433, 652 S.W.2d 15 (1983); *St. Paul-Mercury Indem. Co.* v. *Taylor, Judge*, 229 Ark. 187, 313 S.W.2d 799 (1958).

In this case, the court was not wholly without jurisdiction. It took the case properly under the complaint requesting an injunction and specific performance. Appellant admitted in its answer that the court had jurisdiction over the subject matter. The subsequent developments and amended complaint arguably made the case one that was proper for law rather than equity, but under the clean-up doctrine the court could certainly retain jurisdiction and could not be said to be wholly without jurisdiction. *Bierbaum, supra.* In Bierbaum, a suit was filed seeking a mandatory injunction against the city asking that it be required to move a sewer pumping station illegally built on a lot owned by Bierbaum. The city did not deny that it had built the pumping station on the wrong lot and counter claimed asking that the court condemn the property where the station was located and award damages to Bierbaum. The trial court denied Bierbaum's request for the injunction and declared the city had a right to condemn the property, but the case was transferred to the circuit court for a determination of damages. We held that the court should have retained jurisdiction of the cause, under the clean-up doctrine, to determine damages. Similarly in the instant

case, the court had subject matter jurisdiction originally and all that remains for the court is to determine monetary damages, and under the clean-up doctrine it would be allowed to so act.

As prohibition will not lie to transfer cases between equity and law courts, and the court here was not wholly without jurisdiction, the writ is denied.