Barbara Annette LITTLES *v.*Honorable Lee MUNSON,
Pulaski County Probate Judge

84-148                                                675 S.W.2d 626

Supreme Court of Arkansas
Opinion delivered September 17, 1984

*Judith C. Lansky, UALR Law School Legal Clinic,* for
petitioner.

*Steve Clark,* Atty. Gen., by: *E. Jeffery Story,* Asst. Atty.
Gen., for respondent.

PER CURIAM. The petitioner's request for reconsideration of the Petition for Writ of Prohibition is denied.

PURTLE, DUDLEY and HOLLINGSWORTH, JJ., would
grant.

P. A. HOLLINGSWORTH, Justice, dissenting. I dissent
from the Court's denial of this motion. The probate court
does not have jurisdiction over visitation rights pending the
decision on a petition for guardianship. The probate court's
jurisdiction is established by the Arkansas Constitution and
by statute. Ark. Const. art. 7, § 34 and amend. 24, § 1 grant
the probate court jurisdiction over guardianships and
designate the chancellor as the probate judge.

We have held that the probate court has only such
jurisdiction and powers that are expressly conferred by
statute or the Constitution, or those necessarily incident to
the exercise of the jurisdiction and powers granted. *Hilburn*
v. *First State Bank of Springdale,* 259 Ark. 569, 535 S.W.2d
810 (1976). Neither the Constitution nor the statutes state
that the probate court has the authority to determine
visitation rights. Therefore, it is not an express power.

The question then becomes whether the granting of

visitation rights is necessarily incident to the probate court's power to appoint guardians. In *Poe* v. *Case,* 263 Ark. 488, 565 S.W.2d 612 (1978), we held that the probate court's granting of visitation rights to a natural grandparent as an incident to an adoption was without authority, rendering the decree void.

Guardianships and adoptions are statutory creatures. Since we determine that visitation rights are not incidental to an adoption proceeding, then the same would hold true for guardianships. The authority and jurisdiction of probate courts are to be strictly construed. *In Re: Petition of Committee on Professional Ethics of Arkansas Bar Association for Establishment of Trustee Proceedings,* 273 Ark. 496, 621 S.W.2d 223 (1981).

I also disagree with the Court as to the petitioner's proper remedy. A writ of prohibition is her only remedy in this instance. There are three conditions which must be satisfied before this Court will issue the writ, and the petitioner has satisfied all three. First, the court against which it is sought must be totally without jurisdiction. *First Arkansas Leasing Corp.* v. *Munson,* 282 Ark. 359, 668 S.W.2d 543 (1984). The writ is not used when the inferior court erroneously exercises its jurisdiction. *Tucker Enterprises, Inc.* v. *Hartje,* 278 Ark. 320, 650 S.W.2d 559 (1983). The probate court does not have jurisdiction over visitation rights in a guardianship proceeding. The court is wholly without jurisdiction in this instance.

Secondly, a writ of prohibition can be issued only in a case where there are no disputed facts. *Miller* v. *Lofton,* 279 Ark. 461, 652 S.W.2d 627 (1983). There are no disputed facts in this case.

Lastly, the writ is issued when there is no other adequate remedy available. *Arkansas Nursing Home, Inc.* v. *Rogers,* 279 Ark. 433, 652 S.W.2d 15 (1983); *Porter Foods, Inc.* v. *Brown,* 281 Ark. 148, 661 S.W.2d 388 (1983). If the probate court did not have jurisdiction over visitation rights, then the petitioner's remedy would be an appeal. However, since the probate court does not have jurisdiction,

264

the petitioner has no remedy available to her other than this writ. Thus, the conditions for the issuance of the writ have been satisfied. I would grant the petitioner's motion for reconsideration.

PURTLE and DUDLEY, JJ., join in this dissent.