## SUPERIOR MARKETING RESEARCH CORP.
### *v.* The Honorable Philip B. PURIFOY

88-23                                    752 S.W.2d 277

Supreme Court of Arkansas
Opinion delivered July 5, 1988

*House, Wallace & Jewell, P.A.,* for petitioner.

*Smith, Stroud, McClerkin, Dunn & Nutter,* by: *Demaris A. Hart* and *Hayes C. McClerkin;* and *Bell, Bilheimer & Crockett, P.A.,* by: *Stephen Bilheimer,* for respondent.

TOM GLAZE, Justice. This appeal originated in a declaratory action filed on March 10, 1986, by plaintiffs, Sylvia Matthews, Loretta O'Byrne and Olinda Nimietz, against Superior Marketing Research Corp. (Superior), Don Miller, Robert Holcomb and James Dooley. The plaintiffs' original complaint alleged that Miller, Holcomb and Dooley (referred sometimes herein as inventors) invented a method for cooling food and beverages within a container. Plaintiffs further alleged the inventors had applied for patent rights and, by agreement, the inventors assigned those rights to Superior in return for shares of stock in that company. Plaintiffs claimed Miller had solicited them as investors, and by agreement, they were to receive Superior stock in exchange for the monies the plaintiffs paid and invested to assist the company in marketing the new invention.[1] Mrs. Matthews, it was alleged, received a certificate for 500,000 shares of Superior common stock, but neither O'Byrne nor Nimietz received any certificates evidencing their shares. All three plaintiffs asserted that their rights as stockholders were denied by Superior, and requested that the chancery court declare and enforce their rights. On April 17, 1986, plaintiffs amended their complaint, and among other things, asked they be declared owners of an undivided interest in the U.S. patent application to which Superior claimed sole ownership.

On April 29, 1986, Superior moved to dismiss plaintiffs' complaint as amended, arguing the trial court had no in personam

---

[1] Plaintiffs also alleged facts noting the inventors' interest in forming a new company named Fast Chill, which was to market the invention. That company apparently was never formed, but plaintiffs alleged the inventors' early contacts with them involved the possible exchange of stock of that proposed company for the investment monies given by plaintiffs. Mrs. Matthews, in fact, was alleged to have paid $12,500 for 500,000 shares of Fast Chill, but later was given a subscription agreement for 500,000 shares of Superior stock in recognition of the rights she had acquired in Fast Chill.

jurisdiction or venue of the action, and also claiming that the action should have been filed in circuit court rather than in chancery. At a hearing on October 20, 1987, the chancellor denied Superior's motion, stating the court had jurisdiction and venue and specifically found that plaintiffs' declaratory relief was based upon an underlying cause of action which included both fraud and specific performance. On February 3, 1988, Superior lodged the trial court's record with this court and, at the same time, filed its petition for writ of prohibition claiming that the chancellor's October 20, 1987 order, denying Superior's motion to dismiss, was erroneous. However, respondent states this court does not have the entire record, and in his brief, respondent supplemented the abstract of pleadings with a plaintiffs' motion for leave to amend (purportedly filed sometime after the trial court's October 20, 1987 hearing), an order granting that motion and a pleading captioned "Second Amended Complaint," which apparently was filed on January 27, 1988.[2]

■ Because of the incomplete state of the record before us, we simply are unable to reach all the arguments made by Superior, especially since its contentions largely rely upon the allegations contained in plaintiffs' amended complaint as those claims stood on October 20, 1987, when the chancellor denied Superior's motion to dismiss. Superior argues the second amended complaint should not be before this court, but gives no compelling reason as to why. Superior concedes it knew of, and objected to, the plaintiffs' motion to file the second amended complaint; it claims, however, that the amended complaint was erroneously entered without a hearing. Of course, if that were so, Superior's remedy would have been to request the chancellor to correct such an error rather than argue in this prohibition action that the second amended complaint should not be a part of the trial court's record.

■ A brief recitation of Superior's arguments will readily reveal why this court is unable to decide the venue question raised in this action. For example, Superior asserts the plaintiffs' suit below was one for specific performance and that the applicable

---

[2] Plaintiffs filed a response and brief in this court on behalf of the respondent trial judge.

venue statute is Ark. Code Ann. § 16-60-116 (1987), which requires the action to be filed in a county where one of the defendants resides or is summoned. Such a requirement, Superior argues, would exclude Miller County since none of the defendants either reside or were served there. Superior further argues that although Ark. Code Ann. § 16-60-113(b) provides for fraud actions to be brought in the county where any one plaintiff resides or where one or more of the acts of fraud were perpetrated, it claims the plaintiffs' action could not be based in fraud because the plaintiffs failed to allege the necessary elements of fraud. Contrary to Superior's argument, we note that the plaintiffs' second amended complaint does reflect specific and particular allegations of fraud and deceit; that complaint also adds claims for tortious interference of property rights, contract and for an accounting. In support of his determination that venue lies in Miller County under § 16-60-113(b), respondent points out that one of the plaintiffs, Mrs. Matthews, resides in Miller County and that some of the alleged fraudulent acts were perpetrated in that county. Superior counters by arguing that even if the plaintiffs' complaint correctly alleged fraud and that was the basis of their action, fraud is a law action, not one in equity. In sum, Superior claims the plaintiffs should have filed their action in circuit court. Such an argument is inconsequential since, even assuming Superior is correct in its argument, Superior's remedy is not one for a writ of prohibition, but instead must be corrected by a motion to transfer the case to the Miller County Circuit Court. *See First Arkansas Leasing Corp.* v. *Munson*, 282 Ark. 359, 668 S.W.2d 543 (1984).

For the reasons given above, we must deny Superior's petition for writ of prohibition.

HOLT, C.J., not participating.