The Honorable Courtney Sheppard State Representative P.O. Box 1132 El Dorado, Arkansas 71730-1132
Dear Representative Sheppard:
You have requested an official Attorney General's opinion concerning the use of tax proceeds by a city for the purchase of Christmas lights.
Your request is presented on behalf of a constituent, and you have attached your constituent's correspondence to your request. The constituent indicates that the city council voted to spend $50,000.00 on the purchase of Christmas lights, using the proceeds of a tax that was levied for the purpose of garbage collection, with any excess proceeds going to capital improvements. He also indicates that the city council voted to allow the Christmas lights to be owned by a private organization called "Main Street El Dorado," rather than by the city. The constituent expresses concern over the fact that the city council made this decision without input from the public, and at a time when road improvements are needed. He also expresses concern about the fact that the funds for this purchase are to come from next year's budget, which is based upon taxes that have not yet been collected.
In light of the foregoing scenario, you have presented the following questions:
 (1) Can a city purchase Christmas lights using the proceeds of a tax that was levied for the purpose of garbage collection and capital improvements?
 (2) Can a city council vote to make a purchase that is non-essential at a time when more essential expenditures are needed?
 (3) Can a city purchase property that will be owned by a private organization?
 (4) Can a city council make a decision of this nature without receiving input from the public?
 (5) Can the city council make expenditures from next year's budget, before the taxes upon which that budget is based are collected?
Question 1 — Can a city purchase Christmas lights using the proceeds of atax that was levied for the purpose of garbage collection and capitalimprovements?
The answer to this question will depend upon certain facts of which I have not been apprised. A definitive answer would require review of the ordinance by which the tax in question was passed, the ballot title by which it was presented to the electorate, and the statutory authority under which it was levied. I have not been provided with any of this information or documentation.
I will note that both A.C.A. § 26-75-201 et seq. or A.C.A. § 26-75-301 etseq. authorize taxes for capital improvements of a public nature. Both statutes also define the term "capital improvements of a public nature" to include "tourism facilities." See A.C.A. § 26-75-203(3)(E) and A.C.A. § 26-75-303(3)(E). The term "facilities," in turn, is defined by both statutes as including "real property, personal property, or mixed property of any and every kind, including, without limitation, rights-of-way, utilities, materials, equipment, fixtures, machinery, furniture, furnishings, buildings, and other improvements of every kind." A.C.A. § 26-75-203(4) and A.C.A. § 26-75-303(4).
These definitions are stated in such a way as to appear to include purchases such as a purchase of Christmas lights, which could quite reasonably be classified as "tourism facilities." The proceeds of taxes levied under this statutory authority could be used to purchase Christmas lights, provided that the language of the ordinance by which the tax was levied and the ballot title by which it was presented to the people adequately indicated a purpose of the tax that fell within the provisions of one of these statutes.
I reiterate that I do not know whether the tax that your constituent describes was, in fact, levied under either of these statutes, nor have I had an opportunity to review the language of the ordinance by which the tax was levied or its ballot title. I therefore cannot opine as to whether the tax proceeds can be used for the purpose of purchasing Christmas lights.
Question 2 — Can a city council vote to make a purchase that isnon-essential at a time when more essential expenditures are needed?
It is my opinion that a city council can vote to make a purchase that is "non-essential," even at a time when more "essential" expenditures are needed.
State law does not impose a hierarchy of expenditures. Expenditures of tax proceeds must comply with requirement of Article 16, § 11 of the Arkansas Constitution, which prohibits tax that was levied for a specific purpose from being diverted to another purpose. The expenditure must also remain within any statutory definition of the tax's purpose (such as the statutory definition of "capital improvement.") These are the broad requirements of state law regarding the use of the tax proceeds. If an expenditure complies with these requirements, it is permissible under state law. The "essential" or "non-essential" nature of an expenditure is purely a local matter that must be addressed by local authorities.
Question 3 — Can a city purchase property that will be owned by a privateorganization?
The answer to this question will depend upon certain factual matters with which I am unfamiliar and upon factual determinations that I am not authorized to make. I therefore cannot opine definitively in response to this question. I note specifically that I have not been informed of the manner in which the private entity in question will acquire the property. This issue could impact the legitimacy of the situation. Nevertheless, I will set forth the applicable law upon the basis of which your question can be evaluated in light of the specific facts of the particular case.
It could be argued that a private organization's ownership of property that was purchased by a city would constitute an "illegal exaction," within the meaning of Article 16, § 13 of the Arkansas Constitution. The Arkansas Supreme Court has recognized that illegal exactions can take the form of the use of public funds for a private purpose. See, e.g., Pledgerv. Featherlite Precast Corp., 308 Ark. 124, 823 S.W.2d 852, cert. denied, ___ U.S. ___, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992); Samples v.Grady, 207 Ark. 724, 182 S.W.2d 875 (1944).
A primary factor in determining whether public funds are being used impermissibly appears to be whether those who contributed tax money received the intended benefit therefrom, or whether, by contrast, the benefit was received by a private individual or entity. See, e.g.,Chandler v. Board of Trustees, 236 Ark. 256, 365 S.W.2d 447 (1963) (use of tax proceeds for the payment of retirement benefits held to be illegal exaction). A determination of the question of who is receiving the primary benefit of the property will turn upon a consideration of all of the relevant facts, which, as noted previously, the Attorney General is not authorized to conduct.
If it is factually determined that the public will receive the primary benefit of the Christmas lights, a court could find that the private organization's ownership of the lights is permissible. If, on the other hand, the organization is factually determined to be receiving the primary benefit of the lights, its ownership of them could be held to constitute an illegal exaction.
As noted previously, the issue could be impacted by the manner in which the private entity in question acquires the property. If the entity has entered into a constitutionally valid contract with the city for a purchase or lease of the lights, supported by valid consideration, its ownership could be perfectly legitimate. I reiterate, however, that I cannot evaluate the situation fully in the absence of this factual information, nor can I make determinations of fact regarding who will receive the primary benefit from the lights. I therefore cannot draw any conclusions regarding the permissibility of the private entity owning the Christmas lights.
Question 4 — Can a city council make a decision of this nature withoutreceiving input from the public?
It is my opinion that a city council can make a decision of this nature without receiving input from the public.
No state statute imposes a requirement that city councils entertain comments from the public on budget or appropriation matters. Although municipal electors are authorized to approve or disapprove taxes, see
A.C.A. § 14-42-308, the city council alone is authorized to make budget and appropriation decisions. See A.C.A. § 14-55-204; A.C.A. §§ 14-58-201, -202, -203.[1]
For this reason, I must conclude that the city council can vote to purchase Christmas lights, without receiving input from the public. However, I will note that the public elects the city council, and can express its views on actions of the council through its vote concerning the council's membership.
Question 5 — Can the city council make expenditures from next year'sbudget, before the taxes upon which that budget is based are collected?
It is my opinion that this question will be governed by Article 12, § 4
of the Arkansas Constitution, which states:
 The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and . . . [no] mayor, city clerk or recorder, or any other officer or officers, however designated, of any city of the first or second class or incorporated town [shall] sign or issue script, warrant or other certificate of indebtedness of [sic] excess of the revenue from all sources for the current fiscal year.
Ark. Const., art. 12, § 4.
The question of whether any particular expenditure constitutes a violation of the above-quoted provision is a question of fact that must be determined on the basis of a consideration of the amount of the expenditure involved, as well as the amount of the city's revenues for the current fiscal year. If it is factually determined that the expenditure for the Christmas lights exceeds the limits set forth in Article 12, § 4, the expenditure would be impermissible. This was the result in Goodwin v. State, 235 Ark. 457, 360 S.W.2d 490 (1962), in which a county judge purchased various items of road equipment and made arrangements for payment to be made out the coming year's budget. The court held that the purchases violated Article 12, § 4.[2]
Again, this question will be governed by Article 12, § 4 and must be evaluated under the particular facts of the situation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Ordinances must, however, not only be published, but must also be read three times in order to be passed (unless the reading is dispensed with pursuant to the procedure outlined in the statute). See A.C.A. §§14-55-202, -206.
[2] It should also be noted that cities are precluded under Article16, § 1 of the Arkansas Constitution from issuing any interest bearing evidences of indebtedness. This provision has been interpreted to mean that a municipal corporation cannot make a legal and binding contract by which it agrees to pay interest on its indebtedness. See Ops. Att'y Gen. Nos. 97-234; 88-360.