STATE USE GREENE COUNTY *v.* McCOY.

4-3702

Opinion delivered July 10, 1933.

*D. G. Beauchamp,* for appellant.

*Jeff Bratton,* for appellee.

HUMPHREYS, J. This case went off on demurrer to the complaint in the trial court, and an appeal was duly prosecuted to this court from the decree of the chancery court dismissing appellant's complaint on the ground that the allegations thereof were insufficient to confer jurisdiction of the cause of action upon said court.

The purpose of the complaint was to recover all amounts from appellee, R. V. McCoy, and his bondsmen, in excess of $5,000 per annum, which came into his hands as treasurer of Greene County. The gist of the complaint cannot be better or more tersely expressed than by copying herein paragraphs 2 and 3 of the complaint, as follows:

"2. That said defendant, R. V. McCoy, for and during the year from July 1, 1929, to June 30, 1930, and from July 1, 1930, to December 1, 1930, collected and received and unlawfully appropriated and converted to his own use large sums of money as fees, salaries, emoluments, commissions and perquisites of office largely in excess of five thousand ($5,000) dollars per annum, which he has failed and refused to pay into the county treasury of Greene County as he was required to do by article 19, § 23, of the Constitution of the State of Arkansas and the enabling statute enacted pursuant thereto. Sections 4633-44, Crawford & Moses' Digest.

"3. Plaintiffs further state that, during said time from July 1, 1929, to June 30, 1930, and from July 1, 1930, to December 31, 1930, the said defendant, R. V. McCoy, was county treasurer of Greene County, State of Arkansas, and as such treasurer transacted in said office a large volume of business. The amount and description of the different items of fees, salaries, emoluments, commissions and perquisites of office are derived from numerous and different sources and render the account so difficult and intricate that the plaintiffs are unable to state the amount due the treasury of Greene County, Arkansas, therefrom, but believe and allege that the sum so received is approximately two thousand

($2,000) dollars and that the accounts are so voluminous and complicated that it is necessary for a master to be appointed to state the account and that the plaintiffs have no adequate remedy at law.''

In sustaining the demurrer to the complaint, the chancellor proceeded upon the theory that it was first necessary that a settlement should be made by the treasurer with the county court and that the settlement should reflect the amount that came into the treasurer's hands in excess of $5,000 per annum before a taxpayer might bring suit against him and his bondsmen for the excess. We find no statute conferring jurisdiction on the county court, and none is conferred upon him by the Constitution, to make such an examination and declare the result thereof. It is true quarterly and annual statements are required to be made, but, irrespective of what they may show, no provision is made for the county court to render any judgment against the officer for amounts received by him in excess of $5,000 per annum. This excess is required to be paid into Greene County by the treasurer under article 19, § 23, of the Constitution of the State of Arkansas and the Enabling Act passed pursuant thereto. Sections 4633-44 of Crawford & Moses' Digest. If the officer fails to pay the excess into the county, it follows that it is recoverable from him in a court of general jurisdiction. It is the duty of the court in which the suit is brought to ascertain the excess above $5,000 per annum and the necessary expenses of his office, and if it requires an investigation into complicated accounts to make the ascertainment, a court of chancery would be the proper court in which to institute the action. The principle announced in the case of *Poinsett County* v. *Landers,* 183 Ark. 1138, 40 S. W. (2d) 432, governs the instant case.

A good cause of action was alleged, and the trial court erred in sustaining the demurrer thereto and in dismissing appellant's complaint. The decree is therefore reversed, and the cause is remanded for further proceedings in accordance with law and equity.