SAMPLES *v.* GRADY.

4-7422                                     182 S. W. 2d 875

Opinion delivered October 16, 1944.

*W. A. Leach,* for appellant.

*J. J. Screeton, John D. Thweatt* and *Cooper Thweatt,* for appellee.

SMITH, J. Resident taxpayers of Prairie county filed a complaint against a former collector of taxes for that county, which alleged that certain taxes returned delinquent had been paid to the defendant, within the time allowed by law, and that other taxes with penalties and costs were collected after having been returned delinquent, which had not been accounted for, as appears from a tabulation made a part of the complaint. There first appears a table showing taxes alleged to have been collected and not accounted for, for the year 1937, which gave the name of the taxpayer, the number of the school district in which he had been assessed, and the amount of the taxes. A similar tabulation covers taxes for the years 1938 and 1939.

Two motions to make specific were filed, one of which was not passed upon by the court, which would have required copies of the receipts issued by the collector for the taxes to be made exhibits. The other motion, which was passed upon and sustained, was one to require plaintiffs to state the date upon which the respective collections had been made.

A demurrer was also filed, upon the ground that the prosecuting attorney had not been requested, and had not refused, to bring the suit, the contrary affirmatively appearing from the allegations of the complaint. The demurrer was sustained, with leave to amend, and to make the complaint specific, and when this was not done, the complaint was dismissed, and from that decree is this appeal.

We think the complaint was sufficiently specific to state a definite cause of action, and that it was error to order that it be made more specific. There were allegations covering each of the years 1937-1938-1939 separately, showing the name of the taxpayer, the school district in which he was assessed, and the amount of taxes assessed. The truth of these allegations, if true, would, of course, appear from the tax records. In addition, the plaintiffs would have the burden of showing that these taxes had been returned delinquent after having been paid, or had been collected after having been returned delinquent.

A more serious and difficult question is presented in the action of the court in sustaining the demurrer, because of the admitted fact that the prosecuting attorney had not been called upon to bring this suit, and had not refused to do so.

Opposing counsel have cited and reviewed the numerous cases which have dealt with this subject, and it must be admitted that there are inconsistencies in these cases, in some instances more apparent than real. We will not attempt to review and reconcile these cases, or to point out the distinctions between them, but are con-

tent to announce definitely and finally the proper and permissible practice in such cases.

Section 13 of art. XVI of the Constitution provides that: "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

The first question which suggests itself is, whether the collection and failure to pay over and account for these taxes is an illegal exaction within the meaning of this provision of the Constitution. We think it is, and it is not here contended that it is not. That it is an illegal exaction appears to be settled by the opinion in the recent case of *Eddy* v. *Schuman,* 206 Ark. 849, 177 S. W. 2d 918, in which case we quoted and approved the following statements from the opinion in the case of *Farrell* v. *Oliver,* 146 Ark. 599, 226 S. W. 529:

" 'The Constitution (art. 16, § 13) provides that "any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

" 'This court has construed that provision to mean that a misapplication by a public official of funds arising from taxation constitutes an exaction from the taxpayers and empowers any citizen to maintain a suit to prevent such misapplication of funds. *Lee County* v. *Robertson,* 66 Ark. 82, 48 S. W. 901; *Grooms* v. *Bartlett,* 123 Ark. 255, 185 S. W. 282. The provision quoted above refers, in express terms, to citizens of any county, city or town, but the exactions from which a remedy is afforded are not those limited to counties or towns, and this provision of the Constitution is broad enough to afford a remedy against state-wide exactions which are illegal. Such is the effect of our decision in *Griffin* v. *Rhoton,* 85 Ark. 89, 107 S. W. 380.

" 'There is eminent authority for holding, even in the absence of an express provision of the Constitution, such

as that referred to above, that a remedy is afforded in equity to taxpayers to prevent misapplication of public funds on the theory that the taxpayers are the equitable owners of public funds and that their liability to replenish the funds exhausted by the misapplication entitle them to relief against such misapplication. *Fergus* v. *Russell*, 277 Ill. 20, 115 N. E. 166.' See, also, *McCarroll, Commissioner of Revenues*, v. *Gregory-Robinson-Speas, Inc.*, 198 Ark. 235, 129 S. W. 2d 254, 122 A. L. R. 977.''

This *Eddy* case, *supra*, which appears to be the last pronouncement of the court on the subject, was one brought by a citizen as a taxpayer, and his right to maintain his suit in that capacity does not appear to have been questioned.

One of our first cases relating to this subject, which many of the later cases cite, is that of *Griffin* v. *Rhoton*, 85 Ark. 89, 107 S. W. 380, which was a suit by a citizen against a prosecuting attorney to recover fees collected by the prosecuting attorney in excess of the fees and perquisites allowed by § 23 of art. XIX of the Constitution, limiting the salary of state and county officers to $5,000 ''net profits per annum in par funds,'' and providing that ''any and all sums in excess of this amount shall be paid into the state, county, city or town treasury as shall hereafter be directed by appropriate legislation.'' It was there held that this provision of the Constitution was not self-executing, in that the term ''net profits per annum in par funds'' had not been defined in subsequent legislation contemplated in the Constitution.

The opinion in the *Griffin* case, *supra*, concludes with the statement: ''We have not deemed it necessary to discuss, at any length, the question of appellant's right to maintain this suit. His right to maintain it depends upon whether or not the provision of the Constitution is self-executing. If we had reached the conclusion that the provision was self-executing, then a majority of the judges are of the opinion that, inasmuch as there is no method expressly pointed out by the Constitution for enforcing the provision, a citizen and taxpayer could bring

suit to require obedience to it, after the refusal of the attorney general to do so.''

Unlike § 23 of art. XIX of the Constitution, § 13 of art. XVI of the Constitution is self-executing, and requires no enabling act or supplementary legislation to make its provisions effective. This section of the Constitution last mentioned confers the right upon any citizen to institute suits in behalf of himself and all others interested to protect against the enforcement of any illegal exaction whatever.

This is made a class suit in which any citizen may sue for the benefit of himself, and all other interested citizens, and any citizen would have the right to be made a party, and this is a right which other citizens should exercise if there were any reason to apprehend that the suit was collusive between the parties, plaintiff and defendant.

This § 13 of art. XVI of the Constitution is not only self-executing, but it imposes no terms or conditions upon the right of the citizen there conferred, and we would be required to write something into the Constitution, which does not there appear, if we hold that this right was conditional. However, the General Assembly has the power to prescribe the practice to be pursued in its enforcement.

We do not hold that the attorney general, where the interest of the state is involved, or the prosecuting attorney, in appropriate cases, might not institute such an action; but we do hold that the right of a citizen is not dependent upon the inaction of these officers, or either of them. We have rather two methods whereby the interests of affected inhabitants may be protected. We find nothing in § 13 of art. XVI of the Constitution making the refusal of any officer to bring this suit a condition precedent to the exercise of a right given without condition imposed upon its exercise.

It is not contended that any case has ever held that a citizen may not sue when a prosecuting attorney refuses to do so; and we find no statute which requires the citizen

to allege and prove that he made such a request, where the authority for the suit is derived from the section of the Constitution above-quoted.

It was held in the case of *Gladish* v. *Lovewell*, 95 Ark. 618, 130 S. W. 579, to quote a headnote, that: "A suit by a taxpayer against a tax collector to compel the latter to account for taxes collected by him will not lie in equity, in the absence of an allegation of refusal of the proper officers to sue."

The opinion in that case must be construed, however, in the light of the statute there under consideration, which was a part of Act LXXVI of the Acts of 1879, appearing as §§ 13980 *et seq.*, Pope's Digest, entitled, "An Act to Protect the Public Revenue from the Fraudulent Acts of County Officials and Other Persons," and in the opinion in the *Gladish* case, *supra,* construing the portions of the Act of 1879 there quoted, Justice HART said: "We are of the opinion that the chancery court had no jurisdiction. The statute provides that the suit shall be brought at the instance of a taxpayer, and that the proceedings shall be summary. The primary object of the suit under the statute is to oust the collector from office, if it shall appear that the official acts complained of are fraudulent; and the decree for the moneys which he may have unlawfully detained is a mere incident to the main suit." It was there further said: "Equity has no inherent power to oust an incumbent whose title to the office has been forfeited by misconduct or other cause. *Quo warranto* is the proper remedy in such cases unless the Legislature by express enactment or by necessary implication has placed the jurisdiction elsewhere. Mechem on Public Officers and Offices, § 478, and cases cited."

The instant suit was not brought under the provisions of the Act of 1879, and it is not sought to oust the collector from his office. We hold, therefore, that the opinion in *Gladish* v. *Lovewell, supra,* did not intend to deprive the citizen of the right conferred by the Constitution, and such is not its effect. The difference between the procedure in suits predicated upon the Constitution

and those based upon the Act of 1879 is pointed out in the case of *Baker* v. *Allen,* 204 Ark. 818, 164 S. W. 2d 1004, which was a suit brought by a citizen as a taxpayer to recover certain fees and costs alleged to have been wrongfully collected by a sheriff and collector, and there was no allegation that the prosecuting attorney had been requested, or had refused, to bring the suit. Indeed, the opinion contains no reference to the omission. However, it does appear that the court ordered the plaintiff in the *Baker* case, *supra,* to execute a bond for costs. This order was based upon and required by § 3 of the Act of 1879, now appearing as § 13985, Pope's Digest, which provides that: ''Before any such cause shall be heard the petitioner shall enter into bond to the defendant with security, to be approved by the circuit judge, in sufficient sum to pay any damage that the defendant might sustain by said proceedings.''

We held that it was error to require this bond, and, in so holding, said: ''The suit is predicated upon and is authorized by § 13, of art. 16, of the Constitution, and we know of no requirement that a citizen suing under this authority shall give a bond for costs.''

We conclude that appellants herein have the right conferred by the Constitution to bring and prosecute this suit, and the decree from which is this appeal will be reversed and the cause will be remanded with directions to overrule the demurrer and also the motions to make the complaint more specific.