BREWER ET AL *v.* HAWKINS

5-3912                                                                408 S. W. 2d 492

Opinion delivered November 21, 1966

*Bethel B. Larey* and *Richard S. Arnold,* for appellants.

*Gordon & Gordon* and *Jack L. Lessenberry,* for appellee.

GUY AMSLER, Justice. This is a taxpayers' suit against the Sheriff and Collector of Conway County that was originally filed in the Conway County Chancery Court. The defendant (appellee here) demurred and the Chancellor, sua sponte, transferred the case to the Circuit Court. The Circuit Judge denied a motion to transfer the cause back to equity, sustained the demurrer and dismissed the suit with prejudice. This appeal followed.

The petition in chancery set forth the duties of the collector with respect to the collection of various fines, costs, fees, commissions and other emoluments of his office and accounting therefor and then alleged, *inter alia*:

"That Plaintiffs are informed and believe that Defendant, Marlin Hawkins, beginning at least as early as 1955 and continuing at least until 1961, wrongfully appropriated, exacted, and converted to his own use, substantial sums of money collected and received as fines and costs, which sums should have been paid over into the County Treasury of Conway County as required by the laws of the State of Arkansas.

"That Plaintiffs are informed and believe that beginning at least as early as 1955 and continuing at least until 1961, Defendant, Marlin Hawkins, collected, received, wrongfully appropriated, exacted, and converted to his own use substantial sums of money as fees, costs, fines, salaries, emoluments, commissions, and perquisites of office in excess of

his lawful yearly compensation, to-wit, five thousand ($5,000.00) Dollars per annum, which sums he has failed to pay into the County Treasury of Conway County as required by the Constitution and laws of the State of Arkansas.

"That the wrongful appropriations and exactions hereinabove alleged were carried out by means of a continuing combination, conspiracy, agreement, and concert of action by and among the Defendant Marlin Hawkins and others, consisting of the following scheme and device: Said Defendant would cause to be arrested certain persons and would charge them with one serious offense carrying a large fine; upon conviction, however, the case would be entered of record as though a number of small offenses, totaling in fines far less than the initial single charge, had been committed; thus, per-conviction fees would be multiplied, and a small fraction only of the large fine originally exacted would be paid to the County, the remainder being converted by said Defendant and his confederates to their own use. Plaintiffs have available to them documentary evidence of more than 25 such transactions, and verily believe that hundreds of others, as yet unknown, took place.

"That Plaintiffs are informed and believe that at diverse times beginning at least as early as 1955 and continuing at least until 1961, Defendant, Marlin Hawkins, with intent to deceive, did knowingly make or cause to be made numerous inaccurate, untrue, and false entries in certain public records, to-wit:

Transcripts and dockets of proceedings of Justice of the Peace Courts in Conway County, Arkansas,

which entries were calculated to, and did in fact, prevent disclosure of his wrongful appropriations and conversions above described. As a result of the

inaccuracies, untruths, and falsifications in these public records, Plaintiffs were not able in the exercise of reasonable diligence to detect the wrongful appropriations, wrongful exactions, and conversions until 1964, when it was discovered that said public records contained inaccurate, untrue, and false entries.

"That Defendant, by his high office, has been placed in a fiduciary position to Plaintiffs and all those others similarly situated, was permitted access to, custody of, and dominion over the complained of transactions and records of these transactions; that these transactions were numerous, complicated, and involved, and peculiarly within the knowledge of Defendant; and that Defendant accordingly has an affirmative duty to make a full fiduciary accounting."

Prayer was for an accounting, judgment in favor of the county and related relief.

We have an abundance of cases of this sort approving equity as the proper forum, especially where an accounting is involved. *State Use Greene County* v. *McCoy,* 187 Ark. 827, 62 S. W. 2d 967; *Fuller* v. *State, Use of Craighead County,* 112 Ark. 91, 164 S. W. 770; *McCoy* v. *State, Use of Greene County,* 190 Ark. 297, 79 S. W. 2d 94. The learned Chancellor should not have transferred the case to the Circuit Court.

The Circuit Judge predicated his dismissal of the suit largely on the statute of limitations and we think he thereby fell into error.

In testing the sufficiency of a complaint that is assaulted by means of a demurrer we accept as true all allegations in the complaint that are properly pled. Also all inferences reasonably to be drawn therefrom. *Perrin* v. *Price,* 210 Ark. 535, 196 S. W. 2d 766; *Watson* v. *Poindexter,* 176 Ark. 1065, 5 S. W. 2d 299; *Herndon* v. *Gregory,* 190 Ark. 702, 81 S. W. 2d 849, 82 S. W. 2d 244;

*St. Paul-Mercury Indemnity Co.* v. *City of Hughes,* 231 Ark. 530, 331 S. W. 2d 106.

The averment of concealment in plaintiffs' petition in Chancery, when accepted as true, renders the pleading invulnerable to demurrer and presents a fact question on which the appellants are entitled to offer proof. If it can be shown that there was in fact concealment by appellee the statute of limitations would not begin to run until discovery of the condition complained of. *State of Tennessee* v. *Barton,* 210 Ark. 816, 198 S. W. 2d 512; *Quattlebaum* v. *Busbea,* 204 Ark. 96, 162 S. W. 2d 44; *City National Bank* v. *Sternberg,* 195 Ark. 503, 114 S. W. 2d 39.

Appellee makes reference to a number of suggested deficiencies in the complaint and the possible necessity for bringing in additional parties but these are all matters that may be brought to the attention of the trial court.

The case is reversed and remanded to the Circuit Court with directions that it be transferred back to the Chancery Court of Conway County for further consideration after the demurrer has been overruled.