The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District Post Office Box 536 Berryville, Arkansas 72616
Dear Mr. Butler:
This is in response to your request for an opinion concerning the following fact situation:
 Recently the Carroll County quorum court voted to contract with a private corporation to provide certain services that are now provided by the Carroll County assessor's office. The private corporation has agreed to hire two (2) current employees of the assessor's office. Because as of July 1998 these workers will have worked for the county for 20 years and 10 years, respectively, the county and the private company have agreed until that time to allow the employees to continue to be paid by the county with the private corporation fully reimbursing the county these expenses.[1] This will allow the employees to receive the added retirement benefits that come with having a full 20 and 10 years of service with the county.
You have also indicated that the quorum court and county officials made this arrangement so that the county could achieve privatization of some of the functions of the assessor's office without penalizing the employees who had served the county for a number of years. Finally, you have stated that one member of the quorum court raised questions as to the legality of the foregoing arrangement and asked you to request an Attorney General opinion concerning the matter.
Initially, it must be stated that a conclusive resolution of this matter will require a review of the agreement between Carroll County and the private corporation and a review of all the relevant facts as presented and established by all of the interested parties. These types of factual determinations can only be conducted by a court. This office lacks the resources and the authority to undertake a factual review of a particular situation or the terms of a specific agreement. I will, however, generally outline what I believe is the applicable law, which may be of assistance to you in assessing the situation.
In my opinion, the county's payment of funds to the two "employees" could be subject to challenge as an illegal exaction under Ark. Const. art.16, § 13.[2] Article 16, § 13, of the Arkansas Constitution provides: "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." The Arkansas Supreme Court has recognized that an illegal exaction can take two forms: (1) a misapplication of public funds and (2) a wrongful taxation.Pledger v. Featherlite Precast Corp., 308 Ark. 124, 823 S.W.2d 852,cert. denied, 113 S.Ct. 82 (1992). The situation described in your request appears to involve a possible misapplication of public funds. With regard to this type of illegal exaction, the Arkansas Supreme Court has stated:
 The illegal exaction provision and the cases interpreting it encompass two (2) different types or kinds of exactions. One type involves the prevention of a misapplication of public funds or the recovery of funds wrongly paid to a public official. See, e.g., Brewer v. Hawkins, 241 Ark. 460, 408 S.W.2d 492 (1966). We have given this type of exaction an expansive interpretation because taxpayers are the equitable owners of all funds collected by a government and, in most of the cases, are liable to replenish the funds exhausted by a misapplication or wrongful payment. Under these conditions taxpayers are entitled to broad relief. See, e.g., Samples v. Grady, 207 Ark. 724, 182 S.W.2d 875
(1944). For convenience, we label this type of case a "public funds" exaction case.
Pledger, supra. It should also be noted that a misapplication of public funds may constitute a denial of the due process rights of taxpayers.Chandler v. Board of Trustees of Teacher Retirement System,236 Ark. 256, 365 S.W.2d 447 (1963).
The Chandler case, cited above, is one of the leading cases in which the Arkansas Supreme Court has addressed the issue of the unlawful use of public funds for a private purpose. In that case, a taxpayer challenged the use of tax funds for the purpose of paying retirement benefits to employees of the Arkansas Education Association (AEA), which was a private organization. See also Op. Att'y Gen. 96-012. The court concluded that even though the AEA employees worked primarily in jobs that benefited the public, the use of tax funds to pay their retirement benefits did not benefit the public, but rather, benefited the employees privately, and was therefore unlawful. The court stated that there was no constitutional justification for the State's conferring upon workers in private employment benefits that are denied to others in similar circumstances. Further, the court held it was unconstitutional for the private employees to participate in the state retirement system, even if the private employer, rather than the state, paid the employer contributions. In reaching its decision, the court summarized the applicable law as follows:
 No principle of constitutional law is more fundamental or more firmly established than the rule that the State cannot, within the limits of due process, appropriate public funds to a private purpose. . . . The power to pay gratuities to individuals is denied to the Legislature generally by constitutional mandate, and usually a gift of money to an individual would be an appropriation of public funds to private use, which cannot be justified in law.
Recently, in Opinion No. 96-102 (copy enclosed), I relied upon Chandler
to opine that a county's payment of back contributions to the Arkansas Public Employees' Retirement System for a period of time in which an individual was not an employee of the county, for purposes of APERS, could be subject to challenge as an illegal exaction. I concluded that any payment for such period would probably constitute a gratuity.
Although you have indicated that, in the instant case, the private corporation is "fully reimbursing" the county for the expenses of the two employees, it must be emphasized that public funds can never beappropriated for a private purpose. Clark v. State, 308 Ark. 84,824 S.W.2d 345 (1992); Chandler, supra. Further, the payment of retirement benefits for a period of time that a person is not an employee of the county is also subject to challenge as an illegal exaction. SeeChandler, supra; see also Op. Att'y Gen. 96-102. It appears possible that the individuals in question could receive increased retirement benefits for working ten years and twenty years for the county when in fact they did not work that length of time. Thus, payment of such increased benefits could be subject to challenge as an illegal exaction.
As a general matter, it should, however, be noted that I have found nothing in state law that would prohibit the county from contracting only for limited services until July 1 or some other date, assuming the contract is in proper form and the parties are agreeable. It is possible that the individuals in question could remain county employees until July 1 or some other date, and, until that date, the county could contract with the private corporation to provide less responsibilities than initially anticipated (and most likely the private corporation would receive less funds than originally anticipated). Then, at some future date, the county could contract with the private corporation to provide additional services, including the services currently performed by the employees in question. Again, a conclusive resolution of this matter will require a review of the agreement between Carroll County and the private corporation and a review of all the relevant facts as presented and established by all of the interested parties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] I assume that the county is being reimbursed for the salaries paid to the individuals and all benefits, including contributions to the relevant retirement system.
[2] Under Arkansas law, the question of employment is a question of fact which can only be decided on a case-by-case basis. See Cash v.Carter, 312 Ark. 41, 847 S.W.2d 18 (1993); Op. Att'y Gen. 89-369. It, however, appears from your letter that the two "employees" in question are, in fact, currently employees of the private corporation rather than employees of the county.