The Honorable Mike Creekmore State Representative 1837 Scotch Pine Lane Hensley, AR 72065-9024
Dear Representative Creekmore:
I am writing in response to your request for an opinion on the following questions concerning A.C.A. § 21-6-307:
 1. Does a county quorum court have the authority to use funds collected under 21-6-307 as a line item in the yearly county budget instead of separately placing the funds in an interest bearing account as specified to be used by the sheriff?
 2. If all of the funds in question have not been returned to the sheriff's office in the past, as listed in A.C.A. § 21-6-307 (b) and (c), what liability is undertaken by the county and what possible legal solutions are available to correct the county being in arrears to the sheriff's office, as this could cause a great monetary strain on the county?
RESPONSE
It is my opinion that the answer to your first question is "no" with regard to the twenty-five percent (25%) that is to be used to establish a "communications facility and equipment fund" in accordance with A.C.A. §21-6-307(b)(1)(2)(A) (Repl. 1996). Your second question is not specifically addressed by statute, but the non-compliance may be noted in the audit performed by the Legislative Auditor. It might also be investigated by the Legislative Joint Auditing Committee. I cannot speculate further regarding the consequence(s) of a failure to provide for the proper deposit of the funds, other than to note that a taxpayer illegal exaction action might be brought if funds that would otherwise be available for the sheriff's office pursuant to A.C.A. § 21-6-307(b)(2)(C) were used by the county for other purposes.
Question 1 — Does a county quorum court have the authority to use fundscollected under 21-6-307 as a line item in the yearly county budgetinstead of separately placing the funds in an interest bearing account asspecified to be used by the sheriff?
The Arkansas Code section you have cited, § 21-6-307, establishes the fees to be charged by the sheriff of each county. The provisions that are pertinent to your question pertain to the use of the fees, and state:
 (b)(1) Seventy-five percent (75%) of all fees collected by the sheriff shall be paid into the county treasury in the manner provided by law, or to the person entitled to receive the money, or his or her order, or his or her attorney of record.
 (2)(A) The remaining twenty-five percent (25%) of all fees collected by the sheriff shall be used by the sheriff to establish a special fund to be known as the communications facility and equipment fund.
 (B) All funds so designated shall be invested by the sheriff in an interest-bearing account or certificate of deposit in one (1) or more banking institutions domiciled within the State of Arkansas and insured by the Federal Deposit Insurance Corporation.
 (C) All sums paid into the communications facility and equipment fund by the sheriff may accumulate as to principal and interest until such time as the deposits or a portion thereof are needed by the sheriff to train operations staff, to operate, equip, repair, or replace existing communications equipment, to purchase additional communications equipment, or to otherwise improve a communications facility or system for the sheriff's department.
 (c) The court clerk shall on or before the 15th day of each month transmit to the sheriff the fees collected under this section, and the sheriff shall dispose of the fees as provided in this section.
A.C.A. § 21-6-307 (b) and (c) (emphasis added).
I assume that your first question arises from the language emphasized above, which specifies the allocation of 25% of fees collected by the sheriff. Your question, in essence, is whether a quorum court has appropriation authority over this 25% amount. See generally A.C.A. §14-14-907 (a) (3) (B) (authorizing the quorum court to enact specific (so-called "line-item") appropriations through the adoption of an annual budget).[1]
As you can see, Section 21-6-307 (b) (2) is explicit in requiring that 25% of the sheriff's fees be used to establish a "communications facility and equipment fund," with the funds invested by the sheriff in an interest bearing account or certificate of deposit. It is clear, in my opinion, that the quorum court has no authority over the appropriation or expenditure of these funds. Accord Op. Att'y Gen. Nos. 2002-008, 95-005 at n. 2, and 86-528. As stated in Opinion 2002-008:
 The appropriation requirement applies only to moneys paid out of the county treasury. See A.C.A. § 14-14-1102(b)(2)(C)(i); Ark. Const., art. 16, § 12 (this constitutional provision is applicable to counties, see Mackey v. McDonald, 255 Ark. 978, 501 S.W.2d 726 (1974); Nevada County v. News Printing Company, 139 Ark. 502, 206 S.W. 899
(1918)). The Communications Facility and Equipment Fund is created from two sources: (1) fees that are explicitly directed not to be paid into the county treasury, but rather, to be retained by the sheriff, if collected by him, see A.C.A. § 21-6-307(b); and (2) fees [commissions from prisoner telephone services] that are directed by state law to be paid from the county treasury into the sheriff's county office fund, see A.C.A. § 12-41-105. . . . Because expenditures from the Communications Facility and Equipment Fund do not constitute expenditures from the county treasury, it is my opinion that the sheriff has the authority to make expenditures out of the Fund without the necessity of an appropriation by the quorum court.
I agree with my predecessor's analysis, and thus conclude that the answer to your first question is "no" as to the 25% that comprises the "communications facility and equipment fund." In my opinion, these funds are not subject to quorum court appropriation.
Question 2 — If all of the funds in question have not been returned tothe sheriff's office in the past, as listed in A.C.A. § 21-6-307 (b) and(c), what liability is undertaken by the county and what possible legalsolutions are available to correct the county being in arrears to thesheriff's office, as this could cause a great monetary strain on thecounty?
A definitive answer to these questions will necessarily depend upon the particular facts surrounding the failure to properly account for the funds. I suspect, however, that the non-compliance would be noted in the audit performed by the Division of Local Affairs and Audits of the Division of Legislative Audit. See A.C.A. 10-4-202 (Repl. 2002). It might also lead to an investigation by the Legislative Joint Auditing Committee. See A.C.A. § 10-3-411 (Repl. 2002). Beyond that, I can only speculate that a so-called "public funds" type of taxpayer illegal exaction case might be brought against the county if funds that were supposed to be available to the sheriff's office under § 21-6-307 (b) (2) (C) were misapplied. See, e.g., Samples v. Grady, 207 Ark. 724,182 S.W.2d 875 (1944) (regarding, generally, the "public funds" type of exaction case.) The theory behind this type of case is that taxpayers are the equitable owners of all funds collected by a government, and they are liable to replenish the funds exhausted by a misapplication or wrongful payment. See generally Brewer v. Hawkins, 241 Ark. 460, 408 S.W.2d 492
(1966). The court has held that taxpayers are entitled to broad relief under these conditions. Id. According to the court, "fraud" or "bad faith" need not be shown in illegal-exaction cases. See Mackey v.McDonald, 255 Ark. 978, 984, 504 S.W.2d 726, 732 (1974) (stating that "[a] good faith misapplication of funds in a manner or for a purpose not authorized by law constitutes an exaction from the taxpayers which is illegal even though not fraudulent.")
I cannot speculate further in response to your question, in the absence of any well-defined consequences of a failure to provide for the proper use of these special funds that are supposed to comprise the "communications facility and equipment fund." This will ultimately depend upon the particular circumstances, and will require factual determinations falling outside the ordinary scope of an Attorney General Opinion. Ideally, the county's local counsel should address these concerns with the goal of corrective action.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] A quorum court appropriation is clearly required as to the 75% that is paid into the county treasury pursuant to § 21-6-307 (b) (1). See
A.C.A. § 14-14-1102 (b) (2) (C) (i) and Ark. Const. art. 16, § 12.