The Honorable Tommy G. Roebuck State Representative P.O. Box 988 Arkadelphia, AR 71923-0988
Dear Representative Roebuck:
You have requested my opinion on a matter concerning the use of city funds in the City of Caddo Valley.
You indicate that a group of citizens of the City of Caddo Valley are concerned that city funds are possibly being used for the paving of a drive located on private property owned by the City's mayor.
Your questions are:
 (1) Is it legal for the City of Caddo Valley to use city funds to maintain or improve a private drive owned by the mayor?
 (2) Is it legal for the citizens of Caddo Valley to request that the mayor repay the city for any funds used to pave his private drive?
RESPONSE
Question 1 — Is it legal for the City of Caddo Valley to use city fundsto maintain or improve a private drive owned by the mayor?
As an initial matter, I must emphasize that I am not authorized or equipped to determine whether, as a factual matter, any city funds have been used to pave the mayor's private drive. This is a matter that only an authorized finder of fact, such as an auditor or a court, can definitively determine. I am authorized only to analyze the legal questions you have presented. I note that numerous factual matters could, however, impact the legal issues that are raised. In this regard, I direct your attention to Attorney General Opinion No. 2002-297, which appears to have arisen out of a scenario similar to that which has given rise to your request. That opinion reflects a consideration of various factors that could necessitate a different legal analysis. I have attached a copy of that opinion for your review.
With the foregoing limitation in mind, I can state as a general matter that city funds cannot be used to pave a private drive. Such a use of city funds would constitute an "illegal exaction." The concept of illegal exactions arises out of Article 16, § 13 of the Arkansas Constitution, which states:
 Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.
Ark. Const., Art. 16, § 13.
The Arkansas Supreme Court has recognized that an "illegal exaction," within the meaning of Article 16, § 13, can take two forms: (1) A misapplication of public resources; and (2) A wrongful taxation. City ofWest Helena v. Sullivan, 353 Ark. 420, 107 S.W.3d 166 (2003); Williamsv. City of Fayetteville, 348 Ark. 768, 76 S.W.3d 235 (2002); Villines v.Harris, 340 Ark. 319, 11 S.W.3d 516 (2000); Ghegan v. Weiss, 338 Ark. 9,991 S.W.2d 536 (1999); Western Foods, Inc. v. Weiss, 338 Ark. 140,992 S.W.2d 100 (1999); Pledger v. Featherlite Precast Corp., 308 Ark. 124,823 S.W.2d 852, cert. denied, 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46
(1992). A misapplication of public resources involves the use of public resources for a private purpose.
One of the leading cases in which the Arkansas Supreme Court addressed the issue of the unlawful use of public resources for a private purpose was Chandler v. Board of Trustees, 236 Ark. 256, 365 S.W.2d 447 (1963). In that case, a taxpayer challenged the use of tax funds for the purpose of paying retirement benefits to employees of the Arkansas Education Association, which was a private organization. The court concluded that even though these employees worked primarily in jobs that benefited the public, the use of tax funds to pay their retirement benefits did not benefit the public primarily, but rather, primarily benefited the employees privately, and was therefore unlawful. In so holding, the court gave a concise statement of the law applicable to the issue of the use of public funds for a private purpose:
 No principle of constitutional law is more fundamental or more firmly established than the rule that the State cannot, within the limits of due process, appropriate public funds to a private purpose. A century ago the basic doctrine was simply stated in the leading case of Brodhead v. City of Milwaukee, 19 Wis. 624: "The legislature cannot create a public debt, or levy a tax, or authorize a municipal corporation to do so, in order to raise funds for a mere private purpose. It cannot in the form of a tax take the money of the citizens and give it to an individual, the public interest or welfare being in no way connected with the transaction. The objects for which money is raised by taxation must be public, and such as subserve the common interest and well being of the community required to contribute."
Chandler, 236 Ark. at 258, quoting Brodhead v. City of Milwaukee,19 Wis. 624. Accord, Chapman v. Bevilacqua, 344 Ark. 262, 42 S.W.3d 378
(2001); Clark v. State, 308 Ark. 84, 824, S.W.2d 345 (1992) (Brill, J., concurring); Brewer v. Hawkins, 241 Ark. 460, 408 S.W.2d 492 (1966);Samples v. Grady, 207 Ark. 724, 182 S.W.2d 875 (1944).
A primary consideration in "public funds" cases appears to be whether those who contributed the public funds at issue received the intended benefit therefrom, or whether, by contrast, the benefit was received by a private individual or entity. As indicated by a review of Opinion No.2002-297, this consideration is largely a question of fact that can only be answered in light of all of the evidence that is relevant to the particular case. For example, as reflected in Opinion No. 2002-297, a dispute may exist concerning whether the property in question was dedicated to public use or is, in fact, private property. Factual issues of this nature will impact the ultimate legal determination of this matter.
Question 2 — Is it legal for the citizens of Caddo Valley to request thatthe mayor repay the city for any funds used to pave his private drive?
Nothing in the law would prevent the citizens of Caddo Valley from requesting that the mayor repay the city for any funds used to pave his private drive. In addition, Article 16, § 13 of the Arkansas Constitution, discussed in response to Question 1, specifically authorizes citizens to seek recovery in court if it is determined that public funds have been used illegally for a private purpose.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/SA:cyh
Enclosure