Joffre MILLER, Plaintiff

v.

SUBIACO ACADEMY and Nicholas Fuhrmann, Defendants.

No. 05–2025.

United States District Court, W.D. Arkansas, Ft. Smith Division.

May 2, 2005.

Lori A. Watson and Sam Sexton, for Plaintiff.

William A. Waddell, Jr. and Matthew Horan, for Defendant.

## ORDER

DAWSON, District Judge.

Currently before the Court is Separate Defendant Subiaco Academy's (hereinafter "Subiaco") Motion to Dismiss (Doc. 2) for failure to bring the cause of action during the applicable statute of limitations. Also before the Court is Plaintiff's Response to Subiaco's Motion to Dismiss (Doc. 11) and Subiaco's Reply. (Doc. 15.)

### I. Motion to dismiss standard

In ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir.1996). A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir.1998). However, we are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." See *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir.2002); *see also Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir.2002) (well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [him or her] to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir.2003) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Plaintiff asserts that his cause of action is viable based on two Arkansas statutes: Arkansas Code Annotated (hereinafter "A.C.A.") § 16–56–130 and A.C.A. § 16–56–120. Subiaco argues that neither of these statutes operate to permit Plaintiff's cause of action to go forward.

### I. A.C.A. § 16–56–130

A.C.A. § 16–56–130 provides:

(a) Notwithstanding any other statute of limitations or any other provision of law that can be construed to reduce the statutory period set forth in this section, any civil action based on sexual abuse which occurred when the injured person was a minor, but is not discovered until after the injured person reaches the age of majority, shall be brought within three (3) years from the time of discovery of the sexual abuse by the injured party.

(b)(1) A claim based on an assertion of more than one (1) act of sexual abuse is not limited to the injured party's first discovery of the relationship between any one (1) of those acts and the injury or condition, but may be based on the injured party's discovery of the effect of the series of acts.

(2) It is not necessary for the injured party to establish which act in a series of acts of childhood sexual abuse caused the injury or condition that is the subject of the lawsuit.

(c) For the purposes of this section:

(1) "Childhood sexual abuse" means sexual abuse which occurred when the injured person was a minor;

(2) "Minor" means a person of less than eighteen (18) years of age; and

(3) "Time of discovery" means when the injured party discovers the effect of the

injury or condition attributable to the childhood sexual abuse.

A.C.A. § 16–56–130. The Statute provides it is applicable to all actions filed on or after its effective date of August 13, 1993.

The Plaintiff argues that his complaint was filed in 2005, after the effective date of the Act. Plaintiff states he only discovered the effect of the injury attributable to the alleged abuse within the past three (3) years and therefore that his claim falls within the provisions of this statute. Plaintiff further argues the United States Supreme Court has held that in all cases except those involving title to property, a legislature can, consistent with the Fourteenth Amendment, extend or repeal a statute of limitation, even after the cause of action has been barred. *See Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945); *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). The Arkansas Supreme Court has long held that the legislature may retroactively increase the length of a statute of limitations period to cover claims already in existence; however, it "may not expand a limitation period so as to revive a claim already barred." *See Hall v. Summit Contractors, Inc.,* 356 Ark. 609, 158 S.W.3d 185 (2004); *Chunn v. D'Agostino,* 312 Ark. 141, 847 S.W.2d 699 (1993); *Johnson v. Lilly,* 308 Ark. 201, 823 S.W.2d 883 (1992). In *Johnson, supra,* the Arkansas Supreme Court explained the reason for this rule as follows: "[W]e have long taken the view, along with a majority of the other states, that the legislature cannot expand a statute of limitation so as to revive a cause of action already barred." *Rhodes v. Cannon,* 112 Ark. 6, 164 S.W. 752, (1914); *Couch v. McKee,* 6 Ark. 484 (1846). In *Wasson v. State ex. rel. Jackson,* 187 Ark. 537, 60 S.W.2d 1020 (1933), the Arkansas Supreme Court wrote: "In most jurisdictions it is held that, after a cause of action has become barred by the statute of limitations, the defendant has a vested right to rely on that statute as a defense, and neither a constitutional convention nor the legislature has power to divest that right and revive the cause of action." It is clear to the Court that in *Johnson v. Lilly,* and recently in *Hall v. Summit Contractors,* the Arkansas Supreme Court has demonstrated its commitment to the concept that the legislature cannot expand a statute of limitation that would revive a cause of action already time barred notwithstanding the United States Supreme Court's position that such an enlargement of a statute of limitations under certain circumstances may not be unconstitutional.

For purposes of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), statutes of limitations are treated as substantive law. *See Jinks v. Richland County, S.C.,* 538 U.S. 456, 465, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Thus, this Court, sitting in diversity, must follow the Arkansas Supreme Court's clear, uninterrupted precedent disallowing the revival of actions that were previously time barred by the expiration of another statute of limitations. Plaintiff argues, *inter alia,* that a plain reading of the statute evidences a legislative intent militating toward a retroactive application of the 1993 statute to the facts at bar. As of this date, there is no published opinion interpreting A.C.A. § 16–56–130. This Court makes no comment on the plain reading of the instant statute nor its legislative intent, but rather we decide this issue by following the clear Arkansas Supreme Court precedents mandated by the *Erie* Doctrine. In our case, Plaintiff alleged abuse that occurred between 1976 and 1979 while he was a minor. At the time of the alleged abuse, and at the time the Plaintiff reached his majority, the rele-

vant statute of limitations was A.C.A. § 16–56–116. A.C.A. § 16–56–116 provides:

(a) If any person entitled to bring any action under any law of this state is, at the time of the accrual of the cause of action, under twenty-one (21) years of age, or insane, that person may bring the action within three (3) years next after attaining full age, or within three (3) years next after the disability is removed.

(b) No person shall avail himself of any disability unless the disability existed at the time the right of action accrued.

(c) When two (2) or more disabilities are existing at the time the right of action or entry accrued, the limitation prescribed shall not attach until all the disabilities are removed.

A.C.A. § 16–56–116

The question of "full age" is determined by A.C.A § 9–25–101, which provides in part: "(a) All persons of the age of eighteen (18) years shall be considered to have reached the age of majority and be of full age for all purposes. Until the age of eighteen (18) years is attained, they shall be considered minors." *Id.*

 It is apparent that the statute of limitations is tolled when any person who is entitled to bring an action, at the time of the accrual of the cause of action is under eighteen (18) years of age. Inasmuch as it is apparent that Plaintiff became eighteen, or reached "full age" in 1980, any disability of age was removed many years ago. Consequently, the Court is in agreement with Subiaco that Plaintiff's cause of action, tolled under A.C.A. § 16–56–116 until three years after Plaintiff reached the age of majority, became time-barred in 1983 by the terms of the statute. Moreover, in light of the Arkansas Supreme Court precedents recited above, A.C.A. § 16–56–130, enacted in 1993, cannot be used to revive the barred claim.

Based on the foregoing, the Court can only conclude that Plaintiff's claim is time barred by operation of A.C.A. § 16–56–116; and A.C.A. § 16–56–130, enacted in 1993, cannot be used to revive the barred claim. Consequently, the Court shall analyze whether the common law fraudulent concealment doctrine or A.C.A. § 16–56–120 allows Plaintiff's claim to be brought.

### III. Common Law Fraudulent Concealment and A.C.A. § 16–56–120

The Court concluded above that A.C.A. § 16–56–116 had the effect of time-barring Plaintiff's Complaint at some point in 1983. The Plaintiff next contends that fraudulent concealment under common law or A.C.A. § 16–56–120 tolls the application of A.C.A. § 16–56–116. A.C.A. § 16–56–120 provides:

If any person, by leaving the county, absconding, or concealing himself, or by any other improper act of his own, prevents the commencement of any action specified in this act, the action may be commenced within the times respectively limited after the commencement of the action shall have ceased to be so prevented.

*Id.*

The widely quoted language on the tolling of the statute of limitations in Arkansas is:

No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it.

*Wilson v. General Elec. Capital Auto Lease, Inc.,* 311 Ark. 84, 841 S.W.2d 619 (1992).

Under Arkansas law, an affirmative action by the defendant which has the effect of fraudulently concealing the plaintiff's cause of action is effective to toll the statute of limitations. See, *e.g., Walters v. Lewis,* 276 Ark. 286, 290–91, 634 S.W.2d 129 (1982). The statute of limitations begins to run no later than the day that the concealed matter was discovered. *Williams v. Hartje,* 827 F.2d 1203, 1205–1206 (8th Cir.1987). In deciding a 12(b)(6) motion, the trial court looks only to the allegations in the complaint and accepts them as true. *Martin v. Arthur,* 339 Ark. 149, 159–160, 3 S.W.3d 684 (1999). If fraudulent concealment has been properly pled, the complaint would be invulnerable to dismissal on limitations grounds and a fact question would be created on which both sides are entitled to offer proof. *Williams v. Hartje,* 827 F.2d at 1205–1206; *Brewer v. Hawkins,* 241 Ark. 460, 464, 408 S.W.2d 492, (1966).

Under Arkansas law, the defendant has the burden to affirmatively plead a statute of limitations defense. *Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir.2004); *First Pyramid Life Ins. Co. of America v. Stoltz,* 311 Ark. 313, 843 S.W.2d 842 (1992). However, if it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Id.* In order to toll the statute of limitations, there must be a fact question of "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself." *Martin v. Arthur,* 339 Ark. 149, 3 S.W.3d 684, 687 (1999) (citations omitted). Where affirma-

tive acts of concealment by the person charged with fraud prevent the discovery of that person's misrepresentations, the statute of limitations will be tolled until the fraud is discovered or should have been discovered with the exercise of reasonable diligence. *See Williams v. Hartje,* 827 F.2d 1203, 1205–1206 (8th Cir.1987) (citing *Walters v. Lewis,* 276 Ark. 286, 634 S.W.2d 129 (1982)); *Wilson v. General Elec. Capital Auto Lease, Inc.,* 311 Ark. 84, 841 S.W.2d 619 (1992).

Concealment of facts, no matter how fraudulent or otherwise wrongful, has no effect on the running of a statute of limitations if the plaintiff could have discovered the fraud or sufficient other facts upon which to bring their lawsuit, through a reasonable effort on his or her part. See *Walters,* 634 S.W.2d at 132. Statutes of limitation provide an affirmative defense that may be either asserted or waived. As a general rule, a plaintiff has no duty to anticipate affirmative defenses; thus, they are not ordinarily required to plead avoidance of a limitations bar. A limitations defense, however, may be asserted in a motion to dismiss. "When it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke,* 773 F.2d 983, 984–85 (8th Cir.1985) (quoting *R.W. Murray Co. v. Shatterproof Glass Corp.,* 697 F.2d 818, 821 (8th Cir. 1983)). So, while the Plaintiff was not required to anticipate Subiaco's assertion of a limitations defense by formally and expressly pleading a tolling doctrine, his complaint should have alleged facts adequate to support the application of a doctrine on which he would rely. Because the defense has been raised, the Court will consider what "appears from the face of the complaint," keeping in mind the standard governing Rule 12(b)(6) motions.

Thus, these principles require the Court to consider whether the Plaintiff's Complaint contains allegations which, if true, show the merit of one of his arguments as to why the statute of limitations should be tolled in this case.

 Plaintiff's Amended Complaint (Doc. 24) states that Separate Defendant Fuhrmann sexually molested Plaintiff from 1976 until 1979. The Court, at least at this stage, must take notice that sexual molestation is generally so furtively planned and secretly executed as to constitute an active concealment of the molestation. As to fraudulent concealment the Amended Complaint states:

> Plaintiff pleads that fraudulent concealment and constructive fraudulent concealment, under common law and Ark. Code Ann. Section 16–56–120 tolled the statute of limitations. Because of the Defendant's fiduciary relationship to Miller they had a duty to disclose knowledge of Furhmann's inappropriate sexual propensities which they failed to do so. Furthermore, Plaintiff believes that Defendant also actively concealed Furhmann's sexual acts by different means including but not limited to relocating him away from Subiaco for periods of time. Defendants wrongdoing was not discovered and could not have been discovered through the exercise of reasonable diligence by Plaintiff.
>
> Plaintiff's Amended Complaint Paragraph # 18.

The Court, while not agreeing but taking the Plaintiff's allegations as true as it must at this stage, will concede with Plaintiff that Subiaco's alleged concealment of Fuhrmann's inappropriate sexual propensities could constitute positive acts of concealment. However, one party's active concealment does not rise to the "fraudulent concealment" needed to toll the applicable statute of limitations under Arkansas law. Concealment of facts, no matter how

fraudulent or otherwise wrongful, has no effect on the running of a statute of limitations if the plaintiffs could have discovered the fraud or sufficient other facts on which to bring their lawsuit, through a reasonable effort on their part. See *Walters*, 634 S.W.2d at 132. Thus, Plaintiff must make some allegation that the alleged abuse perpetrated upon him could not have been discovered by him through reasonable diligence. While Plaintiff alleges in his Amended Complaint and elsewhere in his pleadings that he did not discover the *effects* of the abuse, he does not allege that he was unaware of the abuse. Moreover, Plaintiff is presumed to have had reasonable knowledge of it. See *Wilson v. General Elec. Capital Auto Lease, Inc.*, 311 Ark. 84, 841 S.W.2d 619 (1992). Nowhere in the pleadings does Plaintiff allege that he cannot remember the alleged abuse nor is there any other allegation explaining why he could not have discovered the abuse through due diligence. As the Plaintiff was in high school when the alleged abuse occurred, and he now recalls positive knowledge of the abuse, the Court presumes he had knowledge of the abuse throughout the years.

The Plaintiff argues that "[t]he [E]ighth [C]ircuit has held that courts are hesitant to dismiss certain types of actions before the parties have had an opportunity for discovery because the proof of illegal conduct lies largely in the hands of the defendants." (citing *Double D. Spotting Service Inc. v. Supervalu Inc.*, 136 F.3d 554, 560 (8th Cir.1998)). We find that argument inapposite to the facts at bar. The proof of the alleged illegal conduct allegedly perpetrated by Fuhrmann upon Plaintiff is as available to Plaintiff as it is to Fuhrmann or Subiaco. Plaintiff alleges that Subiaco took positive steps to hide Fuhrmann's alleged inappropriate sexual propensities. For the purposes of this motion to dismiss only, the Court accepts that factual allegation as true. The Court

will likewise agree, only for the purposes of this motion, that Subiaco's alleged cover-up of Fuhrmann's behavior was meant to conceal Fuhrmann's wrongdoing. That said, the Court cannot conclude that Plaintiff could not have discovered the abuse recited in his complaint based upon reasonable diligence. In the Court's view, it is axiomatic that the Plaintiff was aware of the alleged abuse since its inception in the late 1970's. Plaintiff does not contend that he was unaware of the alleged touching. Subiaco argues, and the Court agrees, that the effects of the touching were not within the power of Subiaco to conceal. Without Plaintiff alleging extraordinary facts (which certainly would have been at least suggested in his Complaint) that would evidence that Plaintiff was somehow unaware of the abuse, the Court has no choice but to conclude that Plaintiff knew or should have known through reasonable diligence that the abuse took place. He then should have filed his lawsuit within three years of reaching majority.

 In the Court's view, the Plaintiff has not met the pleading standard reflected above. The Court is mindful that it is deciding this motion on a 12(b)(6), and as such, "[a]ll facts alleged in the complaint are taken as true and construed in the light most favorable to the plaintiff." *See Farm Credit Services of America v. American State Bank,* 339 F.3d 764, 767 (8th Cir.2003). However, we are "free to ignore legal conclusions, unsupported con-clusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir.2002); *see also Parkhill v. Minn. Mut. Life Ins. Co.,* 286 F.3d 1051, 1058 (8th Cir.2002) (well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint). Plaintiff's bare assertion that "Defendants' wrongdoing was not discovered and could not have been discovered through the reasonable diligence by the Plaintiff" (Doc. 21 p. 5) is not enough for the Court to find that the Plaintiff's fraudulent concealment claim was properly pleaded. *See Brewer v. Hawkins,* 241 Ark. 460, 464, 408 S.W.2d 492, 494 (1966) (holding that if fraudulent concealment is properly pleaded, the complaint is invulnerable to dismissal on limitations grounds and a fact question is created on which both sides are entitled to offer proof).

Based on the foregoing, the Amended Complaint (Doc. 24) and the pleadings filed in this matter do not contain allegations that support a case of fraudulent concealment.[1] Accordingly, the Court finds that A.C.A. § 16–56–116 is not tolled and Plaintiff's cause of action became time-barred in 1983. Defendant's Motion to Dismiss is GRANTED as to both Defendants, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

---

1. Arkansas courts hold that "[a]lthough the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law." *Varner v. Peterson Farms,* 371 F.3d 1011 at 1016 –1017. *Alexander v. Flake,* 322 Ark. 239, 910 S.W.2d 190, 191 (1995). The Court is not resolving any fact issues against the Plaintiff, but on the con-trary, finding the Plaintiff has not alleged facts that support his bare legal conclusion that he could not have discovered the cause of action through due diligence. While the Court is deciding this case on a motion to dismiss, the summary judgment outcome would be the same. We believe that the Court's resolution of this matter at this stage saves time, money, and emotional conflict that would result in pursuing a cause of action that was time-barred long ago.